DON SPRINGMEYER, ESQ.
Nevada State Bar No. 1021
BRADLEY SCHRAGER, ESQ.
Nevada State Bar No. 10217
DANIEL BRAVO, ESQ.
Nevada State Bar No. 13078
**WOLF, RIFKIN, SHAPIRO,**
**SCHULMAN & RABKIN, LLP**
3556 E. Russell Road, 2nd Floor
Las Vegas, Nevada 89120-2234
Telephone: (702) 341-5200/Fax: (702) 341-5300
Email: dspringmeyer@wrslawyers.com
Email: bschrager@wrslawyers.com
Email: dbravo@wrslawyers.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ERIN HANKS, an individual, on behalf of herself and all similarly-situated individuals,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>BRIAD RESTAURANT GROUP, LLC., a New Jersey limited liability company; and DOES 1 through 100, Inclusive,<br><br>　　　　Defendants. | **CLASS ACTION COMPLAINT** |

　　　　The above-referenced Plaintiff (herein "Plaintiff") through undersigned counsel, on behalf of herself and all persons similarly situated, complains and alleges as follows:

**INTRODUCTION**

　　　　1.　　This lawsuit is an individual and class action brought by Plaintiff, on behalf of herself and all similarly-situated employees of BRIAD RESTAURANT GROUP, LLC ("Defendant"), owner and operator of TGI Friday's restaurants in Nevada (the "Restaurants").

　　　　2.　　This lawsuit is a result of the Restaurants' failure to pay Plaintiff and other

1  similarly-situated employees who are members of the Class the lawful minimum wage, because
2  the Restaurants improperly claim, or have claimed, the right to compensate employees at a
3  reduced minimum wage rate under Nev. Const. art. XV, § 16.

4      3. At the 2006 General Election, Nevada voters approved, for the second time, a
5  constitutional amendment regarding the minimum wage to be paid to all Nevada employees.[1] The
6  amendment became effective in November, 2006, and was codified as new Article XV, § 16 of the
7  Nevada Constitution.

8      4. The 2006 amendment guaranteed to each Nevada employee, with very few
9  exceptions, a particular hourly wage: "Each employer shall pay a wage to each employee of not
10 less than the hourly rates set forth in this section. The rate shall be five dollars and fifteen cents
11 ($5.15) per hour worked, if the employer provides health benefits as described herein, or six
12 dollars and fifteen cents ($6.15) per hour if the employer does not provide such benefits."

13     5. The amendment contained an index/increase mechanism, such that by 2014 the
14 Nevada minimum wage level is $7.25 per hour worked if the employer provides health qualifying
15 benefits, or $8.25 per hour if the employer does not provide such qualifying benefits.

16     6. This means employees earning the reduced amount per hour can make up to 12.2%
17 less than minimum wage workers paid at the $8.25 level.

18     7. Pursuant to the constitutional amendment, employers must qualify for the privilege
19 of paying their minimum wage workers at a reduced wage level for every hour worked. In order to
20 qualify to pay employees at a reduced minimum wage rate, the cost of health insurance benefit
21 premiums for the employee, and his or her dependents, may not exceed "10 percent of the
22 employee's gross taxable income from the employer." Nev. Const. art. XV, § 16.

23     8. Furthermore, in order to qualify to pay employees at a reduced minimum wage rate,
24 the health insurance benefits plan provided, offered, and/or maintained must be truly
25 comprehensive in its coverage, and cover "those categories of health care expenses that are
26 generally deductible by an employee on his/her individual federal income tax return pursuant to 26

---

[1] *See* Exhibit 1 here attached, a true and correct copy of the text of Nev. Const. art. XV, § 16.

1  U.S.C. § 213 and any federal regulations relating thereto, if such expenses had been borne directly
2  by the employee." N.A.C. 608.102(1)(a).

3      9.    The public policy underlying the minimum wage amendment was to benefit
4  Nevada's minimum wage employees, and to incentivize employers to provide low-cost,
5  comprehensive health insurance benefits to the state's lowest-paid workers.

6      10.    The Restaurants do pay, or have paid, Plaintiff and members of the Class at the
7  reduced minimum wage rate.

8      11.    The Restaurants do not provide, offer, and/or maintain qualifying health insurance
9  plan benefits for the benefit of Plaintiff and members of the Class, and therefore Defendant is not,
10 and has not been, eligible to pay Plaintiff and members of the Class at the reduced minimum wage
11 rate. Either the Restaurants simply do not offer benefit plans to Plaintiff, or the plans offered do
12 not meet constitutional coverage or cost requirements.

### PARTIES

**A.    Plaintiff**

15     12.    Plaintiff ERIN HANKS is a resident of Nevada, and has worked as a server at TGI
16 Friday's restaurants owned and operated by Defendant in Clark County, Nevada. Defendant paid
17 her $7.25 per hour. She has one dependent child.

**B.    Defendants**

19     13.    Plaintiff is informed and believes and thereon alleges that at all times material
20 hereto Defendant BRIAD RESTAURANT GROUP, LLC. was and is a New Jersey limited
21 liability company, and it and any subsidiaries or affiliated companies were and are engaged in the
22 ownership and operation of franchise and non-franchise restaurants located in Clark County and
23 throughout Nevada. Upon information and belief, this Defendant owns and operates
24 approximately seven TGI Friday's restaurants in Clark County, Nevada, employs Plaintiff and
25 Class members, and is conducting business in good standing in the State of Nevada.

26     14.    Plaintiff sues fictitious Defendants DOES 1 through 100, inclusive, as Plaintiff do
27 not know their true names and/or capacities, and upon ascertainment, will amend the Complaint
28 with their true names and capacities. Plaintiff are informed and believe and on that basis allege

that each of said fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff' damages were proximately caused by their conduct mentioned herein, each of the Defendants, including DOES 1 through 100, was an agent, joint-venturer, representative, alter ego, and/or employee of the other defendants, and was acting both individually and in the course and scope of said relationship at the time of the events herein alleged, and all aided and abetted the wrongful acts of the others.

## JURISDICTION AND VENUE

15. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d), because diversity of the parties exists and the aggregate amount in controversy exceeds $5,000,000.00.

16. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of the Plaintiff herein occurred within this judicial district, and Defendant regularly conducts business in and have engaged and continue to engage in the wrongful conduct alleged herein—and, thus, are subject to personal jurisdiction—in this judicial district.

## GENERAL ALLEGATIONS

**A.     Plaintiff' Allegations**

17. Plaintiff Hanks works as a server at TGI Friday's restaurants owned and operated by Defendant in Clark County, Nevada, where she earned $7.25 per hour, below the constitutional minimum wage under Nev. Const. art XV, § 16 of $8.25 per hour.

18. Upon her initial hiring in December 2008, Ms. Hanks' was offered the company health insurance plan (the "Plan"). She declined insurance coverage at that time due to its high cost and its lack of coverage.

19. The Plan offered to Ms. Hanks (which, upon information and belief, is the plan contracted for by Defendant for workers in its TGI Friday's locations in Nevada) is not, and was not, in compliance with Nev. Const. art XV, § 16 or N.A.C. 608.102, as it did not cover those categories of health care expenses that are generally deductible by an employee on his/her individual federal income tax return pursuant to 26 U.S.C. § 213 and any federal regulations relating thereto, if such expenses had been borne directly by the employee.

20. Furthermore, the Plan offered to Ms. Hanks (which, upon information and belief, is the plan contracted for by Defendant for workers in its TGI Friday's locations in Nevada) is not, and was not, in compliance with Nev. Const. art XV, § 16 or N.A.C. 608.104, as the premium costs to her and her dependents exceeded the constitutionally-prescribed maximums.

21. The Restaurants, therefore, have been unlawfully paying Ms. Hanks sub-minimum wage for the entirety of her employment.

**B.    Defendants' Control of the Companies**

22. Defendant maintains control, oversight, and direction over the operation of the Restaurants, including their employment and/or labor practices.

23. Defendant (i) creates uniform wage and benefit policies and practices for use at the Restaurants, (ii) imposes its uniform wage and benefit policies and practices at the Restaurants, and (iii) maintains centralized human resource functions which implement wage and benefit policies and practices at the Restaurants.

24. Defendants contract for and/or maintain the non-compliant Plan or Plan(s) which are the subject of this lawsuit.

**C.    Defendants' Unlawful Minimum Wage Practices**

25. The Restaurants claim eligibility to pay, do pay, and have paid Plaintiff and members of the Class at a reduced minimum wage rate pursuant to Nev. Const. art. XV, § 16.

26. The Restaurants do not provide, offer, and/or maintain health insurance plan benefits that meet necessary requirements in order to qualify to pay Plaintiff and members of the Class at the reduced minimum wage level.

27. The Plan, where provided, offered, and/or maintained by the Restaurants for the benefit of Plaintiff and members of the Class, does not meet, and has not met, the minimum coverage requirements under law for Plaintiff and members of the Class and their dependents, and therefore the Restaurants are not, and have not been, eligible to pay Plaintiff and members of the Class at the reduced minimum wage rate.

28. The Plan provided, offered, and/or maintained by the Restaurants for the benefit of Plaintiff and members of the Class does not meet, and has not met, the maximum premium cost

5

requirements under law for Plaintiff and members of the Class and their dependents, and therefore the Restaurants are not, and have not been, eligible to pay Plaintiff and members of the Class at the reduced minimum wage rate.

29. Upon information and belief, members of the Class have been provided and/or offered the same non-qualifying Plan, or Plans, as Plaintiff while being paid at a reduced minimum wage rate. The Restaurants, therefore, have been unlawfully paying all Class members a sub-minimum wage and unlawfully-reduced overtime wages during employment by the Restaurants.

30. As a result, Plaintiff and the members of the Class are owed back pay and damages for every hour worked during the applicable period.

31. Defendants are aware of, and perpetuate, this ongoing violation of Nevada's constitutional provision regarding minimum wage, and associated regulatory provisions implementing same.

## CLASS ACTION ALLEGATIONS

32. Plaintiff re-alleges and incorporates herein by this reference all the paragraphs above in this Complaint as though fully set forth herein.

33. Plaintiff brings this action pursuant to F.R.C.P. 23 on behalf of herself and all others similarly situated, as representative member of the following proposed Class:

> **All current and former employees of Defendant at its Nevada TGI Friday's locations at any time during the applicable statutes of limitation who were compensated at less than the hourly minimum wage set forth in paragraph (b) of subsection 1 of N.A.C. 608.100 at any time**

34. *Numerosity*: The members of the proposed Class are so numerous that individual joinder of all members is impracticable under the circumstances of this case, and the disposition of their claims as a Class will benefit the parties and the Court. The precise number of members should be readily available from a review of the Restaurants' personnel, payroll, and benefits records, and upon information and belief numbers in the thousands.

35. *Commonality/Predominance*: Common questions of law or fact are shared by the members of the proposed Class. This action is suitable for class treatment because these common questions of fact and law predominate over any questions affecting individual members. These common legal and factual questions, include, but are not limited to, the following:

    i. Whether Defendant appropriately paid Class members the required minimum wage pursuant to state law;

    ii. Whether, when paying minimum wage employees the reduced minimum wage level pursuant to Nev. Const. art. XV, § 16, Defendant provided health insurance benefit plans to members of the Class covering all required health care expenses at all required times;

    iii. Whether, when paying minimum wage employees the reduced minimum wage level pursuant to Nev. Const. art. XV, § 16, Defendant provided health insurance benefit plans to members of the Class at premium cost levels exceeding permissible maximums under law;

    iv. The applicable statute of limitations, if any, for Plaintiff and Class members' claims;

    v. Whether Defendant is liable for pre-judgment interest; and

    vi. Whether Defendant is liable for attorneys' fees and costs.

36. *Typicality*: Plaintiff's claims are typical of those of the proposed Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. Plaintiff and all other proposed Class members sustained similar losses, injuries, and damages as a direct and proximate result of the Restaurants' same unlawful policies and/or practices. Plaintiff's claims arise from the Restaurants' same unlawful policies, practices, and/or course of conduct as all other proposed Class members' claims in that Plaintiff was denied lawful wages for hours worked, and Plaintiff's legal theories are based on the same legal theories as all other proposed Class members. The Restaurants' compensation and benefit policies and practices affected all Class members similarly, and the Restaurants benefited from the same type of unfair and/or wrongful acts done to each Class member.

37. *Adequacy*: Plaintiff is an adequate representative of the proposed Class because Plaintiff is a member of the proposed Class she seeks to represent and her interests do not conflict with the interests of the other members of the proposed Class that Plaintiff seeks to represent. Plaintiff has retained counsel that is competent and experienced in complex class action litigation, and Plaintiff intends to prosecute this action vigorously. The interests of members of the proposed Class will be fairly and adequately protected by Plaintiff and her counsel. Neither Plaintiff nor her counsel has interests that are contrary to, or conflicting with, the interests of the proposed Class.

38. *Superiority*: A class action is superior to other available methods for the fair and efficient adjudication of the controversy, because, *inter alia*, as minimum wage employees it is economically infeasible for proposed Class members to prosecute individual actions of their own given the relatively small amount of damages at stake for each individual. Important public interests will be served by addressing the matter as a class action. The cost to the court system and the public for the adjudication of individual litigation and claims would be substantial and substantially more than if the claims are treated as a class action. Prosecution of separate actions by individual Class members would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for the Restaurants and resulting in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to, fashion methods to efficiently manage this action as a class action.

39. The case will be manageable as a class action. Plaintiff and her counsel know of no unusual difficulties in the case and the Restaurants have advanced networked computer, payroll, and benefit systems that will allow the class, wage, benefits, and damages issues in the case to be resolved with relative ease.

40. Because the elements of Rule 23(b)(3), or in the alternative Rule 23(c)(4), are satisfied in the case, class certification is appropriate.

/ / /

/ / /

**FIRST CLAIM FOR RELIEF**

**Violation of Nev. Const. art. XV, § 16**

**Failure to Pay Lawful Minimum Wage**

**(On Behalf of Plaintiff and the Class against Defendant)**

41. All preceding paragraphs in this Complaint are re-alleged and incorporated by reference as though fully set forth herein.

42. As described and alleged herein, the Restaurants pay, and have paid, Plaintiff and members of the Class at a reduced minimum wage level pursuant to Nev. Const. art XV, § 16 without providing qualifying health insurance benefits as required by that provision.

43. The Restaurants are not, and/or were not, eligible to pay Plaintiff and members of the Class at a reduced minimum wage during any period where qualifying benefits were not provided, offered, or maintained by the Restaurants.

44. Pursuant to Nev. Const. art XV, § 16, the Companies are liable to Plaintiff and members of the Class for their unpaid wages for any period during which the Restaurants were ineligible to compensate Plaintiff and members of the Class at a reduced minimum wage; an award of damages; costs of the action; reasonable attorneys' fees; and any other relief deemed appropriate by this Court.

**SECOND CLAIM FOR RELIEF**

**Violation of Nev. Const. art. XV, § 16 and N.A.C. 608.102**

**Failure to Pay Lawful Minimum Wage**

**(On Behalf of Plaintiff and the Class against Defendant)**

45. All preceding paragraphs in this Complaint are re-alleged and incorporated by reference as though fully set forth herein.

46. As described and alleged herein, the Restaurants pay, and have paid, Plaintiff and members of the Class at a reduced minimum wage level pursuant to Nev. Const. art XV, § 16 without providing qualifying health insurance benefits as required by that provision.

47. Health insurance benefits provided and/or offered to Plaintiff and members of the Class and their dependents did not meet coverage requirements under Nev. Const. art XV, § 16

and N.A.C. 608.102, and therefore the Restaurants are not, and/or were not, eligible to pay Plaintiff and members of the Class at the reduced minimum wage tier during any period where such qualifying benefits were not provided, offered, and/or maintained by the Restaurants.

48. Pursuant to Nev. Const. art XV, § 16, the Restaurants are liable to Plaintiff and members of the Class for their unpaid wages for any period during which the Restaurants were ineligible to compensate Plaintiff and members of the Class at the reduced minimum wage tier; an award of damages; costs of the action; reasonable attorneys' fees; and any other relief deemed appropriate by this Court.

### THIRD CLAIM FOR RELIEF

**Violation of Nev. Const. art. XV, § 16 and N.A.C. 608.104**

**Failure to Pay Lawful Minimum Wage**

**(On Behalf of Plaintiff and the Class against Defendant)**

49. All preceding paragraphs in this Complaint are re-alleged and incorporated by reference as though fully set forth herein.

50. As described and alleged herein, the Restaurants pay, and have paid, Plaintiff and members of the Class at the reduced minimum wage level pursuant to Nev. Const. art XV, § 16 without providing qualifying health insurance benefits as required by that provision.

51. The premium costs of the health insurance benefits provided and/or offered to Plaintiff and members of the Class and their dependents exceeds, or has exceeded, the level permitted by Nev. Const. art XV, § 16, and therefore the Restaurants are not, and/or were not, eligible to pay Plaintiff and members of the Class at the reduced minimum wage tier during any period where such qualifying benefits were not provided, offered, or maintained by the Restaurants.

52. Pursuant to Nev. Const. art XV, § 16, the Restaurants are liable to Plaintiff and members of the Class for their unpaid wages for any period during which the Restaurants were ineligible to compensate Plaintiff and members of the Class at the reduced minimum wage tier; an award of damages; costs of the action; reasonable attorneys' fees; and any other relief deemed appropriate by this Court.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and all other similarly-situated members of the Class, request that this Court enter an Order:

A. Certifying this matter as a class action pursuant to F.R.C.P. 23, designating Plaintiff as Class representative, and appointing undersigned as Class counsel;

B. Declaring the practices here complained of as unlawful under appropriate law;

C. Granting judgment to Plaintiff and the members of the Class on their claims of unpaid wages as secured by law, as well as damages, interest, attorneys' fees and costs as applicable and appropriate;

D. Granting punitive damages against the Defendant;

E. Ordering such other relief as the Court may deem necessary and just; and

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

DATED this 19th day of May, 2014.

**WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP**

By:  */s/ Don Springmeyer, Esq.*
DON SPRINGMEYER, ESQ.
Nevada State Bar No. 1021
BRADLEY SCHRAGER, ESQ.
Nevada State Bar No. 10217
DANIEL BRAVO, ESQ.
Nevada State Bar No. 13078
3556 E. Russell Road, Second Floor
Las Vegas, Nevada 89120
*Attorneys for Plaintiff*