RICK D. ROSKELLEY, ESQ., Bar # 3192
ROGER GRANDGENETT, ESQ., Bar #6323
KATIE BLAKEY, ESQ., Bar # 12701
LITTLER MENDELSON, P.C.
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
Telephone:    702.862.8800
Fax No.:       702.862.8811

Attorneys for Defendant
BRIAD RESTAURANT GROUP, L.L.C.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ERIN HANKS, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> BRIAD RESTAURANT GROUP, LLC., a New Jersey limited liability company; and DOES 1 through 100, inclusive, <br><br> Defendant. | Case No. 2:14-cv-00786-GMN-PAL <br><br> **DEFENDANT'S MOTION FOR LEAVE TO FILE SUR-REPLY IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING LIMITATION OF ACTION** |

# AND ORDER

Defendant, by and through its counsel of record, respectfully moves this Court for leave to file the attached Sur-Reply in Support of Defendant's Opposition to Plaintiffs' Motion for Partial Summary Judgment Regarding Limitation of Action.

**MEMORANDUM OF POINTS & AUTHORITIES**

**I.     INTRODUCTION**

On July 3, 2014, Plaintiffs filed their Motion for Partial Summary Judgment Regarding Limitation of Action (Dkt. # 16) asserting that there is no limitation period for minimum wage claims in Nevada. On August 4, 2014, Defendant filed its Opposition (Dkt. # 29). An hour and a half later, Plaintiffs filed their Reply (Dkt. # 30).

Plaintiffs' Reply, which only tangentially addresses Defendant's Opposition was blatantly designed to raise several new issues and arguments that have not been previously addressed.

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

1  Specifically, Plaintiffs essentially abandon their original argument that there is no limitation period
2  for minimum wage claims in Nevada. Instead Plaintiffs advance the argument that a four-year statute
3  of limitations applies and that the continuing violations doctrine should apply as well. Neither of
4  these arguments was raised by Plaintiffs' in their original Motion for Summary Judgment. As a
5  result, Defendants seek the opportunity to respond to Plaintiffs' new arguments, and respectfully
6  request that the Court grant its leave to file the attached Sur-Reply.

## II.    ARGUMENT

The Local Rules provide only for a memorandum in opposition and a reply brief. Local Rule 7-2. However, courts have recognized that where new evidence or arguments are raised for the first time in a party's reply brief in support of its motion, the court should permit the non-moving party to respond to the new matters prior to the deposition of the motion. *See i.e. FNBN-RESCON I LLC v. Ritter*, 2014 WL 979930, at *6 (D. Nev. Mar. 12, 2014); *see also Kanvick v. City of Reno,* 2008 WL 873085, at *1 fn. 1 (D. Nev. Mar. 27, 2008) aff'd sub nom. *Kanvick v. Reno City Police*, 339 F. App'x 745 (9th Cir. 2009) (finding a sur-reply may be filed by leave of court, and to address new matters raised in a reply to which a party would otherwise be unable to respond). For example, in *Ritter*, the court found that a sur-reply was appropriate when the plaintiff originally requested "'all the relief requested in the Complaint,' without limitation," but then in its reply "restricted the scope of its motion to a determination as to liability, not as to damages, and advanced several new arguments for why the Court could bifucate its consideration." *Ritter*, 2014 WL 979930, at *6. The court further noted that it could either discard the plaintiff's arguments or provide defendants with the opportunity to respond. *Id.*

Here, Plaintiffs have raised new arguments in their Reply in Support of Motion for Partial Summary Judgment Regarding Limitation of Action. First, in the Reply, Plaintiffs modified their Motion for Summary Judgment by moving for a determination that NRS 11.220's four-year statute of limitations applies, something that was not raised by Plaintiffs in their Motion for Summary Judgment. Second, Plaintiffs asserted in the Reply for the first time that the continuing violation doctrine applies. Accordingly, Defendants should be allowed to file the attached Sur-Reply in order to respond to these new issues. **See Proposed Sur-Reply attached hereto as Exhibit 1**.

LITTLER MENDELSON, P C
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

2.

Alternatively, Defendant requests that the Court disregard Plaintiffs' new arguments presented in their Reply.

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant this Motion for Leave to File a Sur-Reply and accept the attached Sur-Reply memorandum for filing.

August 12, 2014

Respectfully submitted,

_____
RICK D. ROSKELLEY, ESQ
ROGER L. GRANDGENETT, ESQ.
KATIE BLAKEY, ESQ.
LITTLER MENDELSON, P.C.

Attorneys for Defendant
BRIAD RESTAURANT GROUP, L.L.C.

### ORDER

**THE COURT HAVING READ** the foregoing Motion for Leave to File Sur-Reply in Support of Defendant's Opposition to Plaintiffs' Motion for Partial Summary Judgment Regarding Limitation of Action (ECF No. 31), and Plaintiffs' having filed their Non-Opposition to Defendant's Motion (ECF No. 32), and good cause appearing therefore, hereby GRANTS Defendant's Motion (ECF No. 31). Accordingly,

Defendant's counsel shall file with the court Defendant's Sur-Reply in Support of Defendant's Opposition to Plaintiffs' Motion for Partial Summary Judgment Regarding Limitation of Action (ECF No. 31-1), attached to Defendant's Motion as Exhibit 1.

**DATED** this 13th day of August, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Court

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169.5937
702.862.8800

3.