RICK D. ROSKELLEY, ESQ., Bar # 3192
ROGER GRANDGENETT, ESQ., Bar #6323
MONTGOMERY Y. PAEK, ESQ., Bar #10176
KATHRYN B. BLAKEY, ESQ., Bar # 12701
LITTLER MENDELSON, P.C.
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
Telephone:    702.862.8800
Fax No.:        702.862.8811

Attorneys for Defendant
BRIAD RESTAURANT GROUP, L.L.C.

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ERIN HANKS, an individual; DEATRA ENARI, an individual; JEFFREY ANDERSON, an individual; TOBY EARL, an individual; SHYHEEM SMITH, an individual; ROBERT BAKER, an individual, JAMES SKADOWSKI, an individual, MICHELLE PICKTHALL, an individual, all on behalf of themselves and all similarly-situated individuals;<br><br>Plaintiffs,<br><br>vs.<br><br>BRIAD RESTAURANT GROUP, LLC., a New Jersey limited liability company; and DOES 1 through 100, inclusive,<br><br>Defendant. | Case No. 2:14-cv-00786-GMN-PAL<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DEFENDANT TO RESPOND TO PLAINTIFFS' DISCOVERY REQUESTS** |

Defendant BRIAD RESTAURANT GROUP, LLC., ("Briad" or "Defendant") by and through its attorneys of record, hereby files its Opposition to Plaintiffs' Motion to Compel Defendant to Respond to Plaintiffs' Discovery Requests. This Opposition is supported by the following points and authorities, exhibits and declarations attached hereto, and any oral argument permitted by the Court.

/ / /

/ / /

/ / /

LITTLER MENDELSON
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89109 5937
702 862 8800

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

#### A. General Background

Plaintiffs' entire case is based on the vague premise that the health insurance plans offered to Defendant's hourly employees are and/or were not "qualified health insurance plans" for purposes of paying the lower-tier minimum wage.[1] **First Amended Class Action Complaint (Docket No. 6);** *see also* **Complaint (Docket No. 1).** However, at no point in any of the pleadings have Plaintiffs articulated a single medical treatment or service that they believe should be covered by a health insurance plan in order to be considered a "qualified health insurance plan." **Id.** Rather, Plaintiffs repeatedly refer to "coverage requirements" without explaining what that means and 26 U.S.C. § 213, which also is not a list of specific coverage requirements. **Id.** Accordingly, Defendant filed the pending Motion to Dismiss Plaintiffs' First Amended Class Action Complaint requesting that the Court dismiss Plaintiffs' claims for failing to set forth a cognizable theory of liability. **Motion to Dismiss (Docket No. 14).**

The day after Defendant filed the Motion to Dismiss, Plaintiffs filed two premature and procedurally improper motions: a Motion for Partial Summary Judgment Regarding Limitation of Action and a Motion for Class Certification. **Motion for Partial Summary Judgment Regarding Limitation of Action (Docket No. 16); and a Motion for Class Certification (Docket No. 17), respectively.** Those motions are fully briefed and currently pending before the Court.

Thereafter, Defendant filed its Motion to Compel Arbitration. **Motion to Compel Arbitration (Docket No. 42).** As that Motion explains, four of the named Plaintiffs signed binding Arbitration Agreements and therefore must be dismissed from this case. **Id.** The parties agreed to an extension of time for Plaintiffs to respond to that Motion and Plaintiffs filed their Response on November 24, 2014. **Opposition to Motion to Compel Arbitration (Docket No. TBA).** The Reply is due December 3, 2014.

///

---

[1] Pursuant to Nev. Const. art. XV § 16 (the "Minimum Wage Amendment"), Nevada employers who offer their employees qualified health insurance may pay their employees one dollar less per hour than employers who do not offer qualified health insurance.

2.

LITTLER MENDELSON
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas NV 89109 5937
702 862 8800

B. **Status of Discovery**

Meanwhile, as the parties await determinations on the above pending motions, Plaintiffs have decided to flood Defendant with over a hundred poorly-constructed, overbroad, and irrelevant discovery requests. Specifically, as of the filing of this Opposition, Plaintiffs have served Defendant with a total of 62 Interrogatories and 95 Requests for Production. **Declaration of Kathryn Blakey attached hereto as Exhibit A (Blakey Dec'l), at ¶ 3**. Therefore, although the instant motion only contests a total of 5 Interrogatories and 9 Requests for Production, Plaintiffs have also needlessly propounded dozens of other overbroad and irrelevant discovery requests to which Defendant has had to respond.

In response to this unnecessarily-expansive approach to discovery, and in an effort to avoid Court intervention, Defendant has done its best to explain to Plaintiffs the procedural and substantive problems with their discovery requests. Additionally, Defendant has promptly provided all relevant information as it becomes available. Plaintiffs' assertion that Defendant has somehow dragged its feet or in any way delayed discovery is disingenuous at best.[2] Every extension in this case has been mutually agreed upon and necessary in order to wade through the vast number of overbroad and irrelevant discovery requests Plaintiffs propounded on Defendant.[3] The only thing that has impeded discovery in this case is Plaintiffs' overzealous and continuously improper approach to discovery. Had Plaintiffs simply formulated clear and direct discovery requests, limited to the applicable statute of limitations, the discovery request phase of discovery could have been completed in an even

---

[2] For example, Plaintiffs' assertion that Defendant did not substantively respond to their first set of discovery requests is blatantly false. Those requests were propounded by individual Plaintiffs Hanks, Enari, and Andersen. Therefore, Defendant's responses addressed the individual claims of Plaintiffs Hanks, Enari, and Andersen. In its September 10, 2014 letter Defendant explained to Plaintiffs that they made a procedural error and why it did not provide class-wide responses. **September 10, 2014 Letter from Rick Roskelley, attached hereto as Exhibit B**. As a result, Plaintiffs agreed to re-issue proper class-wide discovery requests to which Defendant has responded.

[3] Defendant further notes that five days before being served with the Plaintiffs' procedurally improper 40 interrogatories and 48 requests for production, Plaintiffs filed their Motion for Partial Summary Judgment **(Docket No. 16)** and Motion to Certify Class **(Docket No. 17)** to which Defendant had to respond. Thus, Defendants request for additional time to respond to the discovery requests was entirely reasonable. Moreover, Defendant has agreed to every extension of time Plaintiffs have requested in this case.

LITTLER MENDELSON
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89109-5937
702.862.8800

timelier manner. Even so, Defendant has already produced all relevant discovery and the instant motion should be denied.

## II. ARGUMENT

"Parties may obtain discovery regarding any matter, not privileged which is relevant to the subject matter involved in the pending action ..." Fed. R. Civ. P. 26(b). As stated in *Jackson v. Montgomery Ward & Co.*, "[t]his phrase has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case ... However, the scope of discovery under the federal rules is *not boundless*; the requests must be relevant . . ." (emphasis added) 173 F.R.D. 524, 526 (D. Nev. 1997) (citations omitted).

This case, quite simply, does not require the expansive amount of discovery that Plaintiffs continue to pursue. Rather, the only documents that are arguably relevant to Plaintiffs' claims are the plan documents and summary plan descriptions describing the offered health coverage and the premiums hourly employees are required to pay for that coverage. Moreover, the relevant time period for this matter, pursuant to NRS 608.260, is two years. Therefore, the insurance plans offered prior to May 19, 2012 are outside the scope of this litigation.

The same is true for information related to employees employed by Defendant prior to May 2012. Any employee whose employment with Defendant terminated prior to May 19, 2012 cannot be a part of the alleged class. Therefore, information pertaining to those employees is completely irrelevant and not likely to lead to the discovery of admissible evidence.

Accordingly, Defendant requests that the Court deny Plaintiffs' Motion to Compel for three reasons: (1) Defendant fully responded to all relevant interrogatories; (2) Plaintiffs did not adequately meet and confer on the Requests for Production disputed in their Motion; and (3) Defendant has already produced all relevant documents. Moreover, Defendants request that the Court instruct Plaintiffs to stop harassing Defendant with their ongoing repetitive, overly broad, and irrelevant discovery requests.

### A. Defendant Has Fully Responded to All Relevant Interrogatories

Plaintiffs assert that Defendant has failed to properly respond to their interrogatories which seek the number of employees employed by Defendant from November 2006 to present. This is

4.

LITTLER MENDELSON
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas NV 89109 5937
702 862 8800

quite plainly false. Defendant has properly responded for three reasons: (1) the number of employees employed from November 2006 to May 2012 is irrelevant to this case; (2) Defendant has already disclosed the number of employees employed after May 2012; and (3) Plaintiffs suffer no prejudice by limiting the scope of discovery to the relevant time period.

    1. <u>The Total Number of Employees Paid Below the Upper-Tier Minimum Wage Prior to May 19, 2012 is Not Relevant and Not Likely to Lead to the Discovery of Admissible Evidence (Interrogatory Nos. 1-5).</u>

  In the instant Motion, and throughout the meet and confer efforts, Plaintiffs have offered only a single reason why the number of employees paid below the upper-tier minimum wage prior to May 19, 2012 is relevant and discoverable: it relates to the "patterns and practices of compliance" with the Minimum Wage Amendment. *See i.e.* **Motion to Compel (Docket No. 43), at 10:17-27.** This, of course, makes no sense as "pattern and practices" is simply not an element of any of the claims they assert. Indeed, Plaintiffs seek to recover minimum wage payments. Either the health insurance offered to Defendants' employees is "qualified health insurance" or it is not. The number employees employed by Defendant from November 2006 to April 2012 has no bearing on whether the health insurance is "qualified health insurance" for purposes of the Minimum Wage Amendment. Additionally, for purposes of ascertaining the dimensions of the alleged class, the number of employees employed prior to May 19, 2012, has no relevance to the number of employees employed after May 19, 2012. Individuals whose employment with Defendant terminated prior to May 2012 cannot be a part of the alleged class. Thus, the number of employees employed by Defendant prior to May 19, 2012 is a superfluous number that in no way assists in ascertaining the dimensions of the putative class.[4] Therefore, this information is not discoverable.

    2. <u>Defendant Has Already Responded to Plaintiffs' Request for the Total Number of Employees Paid Below the Upper-Tier Minimum Wage after May 19, 2012 (Interrogatory No. 5).</u>

---

[4] Although Plaintiffs' assert that Defendant's objections have made it "impossible to know what specifically Defendant finds burdensome of overbroad about each request," Defendant's counsel clearly articulated its position on this matter in response to each disputed interrogatory and in correspondence and in telephonic discussions with Plaintiffs' counsel. *See i.e.* **Defendant's Responses to Plaintiffs' First Set of Interrogatories Propounded on Behalf of the Putative Class, attached hereto as Exhibit C;** *see also* September 10, 2014 Letter from Rick Roskelley, attached here to as Exhibit B.

5.

LITTLER MENDELSON
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89109.5937
702.862.8800

As for the number of employees employed after May 19, 2012, Plaintiffs requested this information in Interrogatory No. 5, and Defendant fully responded for the relevant time period. Plaintiffs' Interrogatory No. 5 and Defendant's Response are as follows:

**INTERROGATORY NO. 5:**

State the number of employees at all TGI Friday's Restaurants between July 1, 2010, and the present that were paid less than $8.25 per hour as a regular hourly wage rate, excluding any tips, gratuities, or bonuses.

**RESPONSE TO INTERROGATORY NO. 5:**

Defendant incorporates its response to Interrogatory No. 1. Moreover, Defendant objects that is unduly burdensome to calculate the number of employees paid at a "regular hourly wage rate" of less than $8.25 per hour because most employees work in more than one capacity and, therefore, earn various hourly rates depending on under which capacity they are working. For example, when Plaintiff Michelle Pickthall worked as a Cashier, she earned $7.25 per hour; however, when she worked as a Host, she earned $9.00 an hour. Therefore, in order to obtain the information requested in this Interrogatory, Defendant would have to retrieve each individual employee's hourly information and determine which employees are "regularly" paid at $7.25 per hour. For this same reason, it would be unduly burdensome to create a list of only those employees who are or ever have been paid less than $8.25 per hour in any capacity during the requested time periods. Subject to and without waiving these objections, Defendant responds as follows:

- In 2012, TGI Friday's Restaurants employed a total of 809 employees.
- In 2013, TGI Friday's Restaurants employed a total of 873 employees.
- In 2014, TGI Friday's Restaurants employed a total of 853 employees.

Many if not most of the above identified employees were paid above $8.25 per hour while working in certain capacities for TGI Friday's.

Accordingly, because Plaintiffs' Interrogatory No. 5 seeks information which is not discoverable and, to the extent it seeks information which is discoverable, Defendant has fully responded, Plaintiffs' Motion should be denied.

3. <u>Plaintiffs Are Not Prejudiced by Limiting Discovery to the Relevant Time Period</u>

Defendant acknowledges that Plaintiffs have filed a Motion for Partial Summary Judgment which asserts that there is no statute of limitations for minimum-wage based claims. *See* **Motion for Partial Summary Judgment (Docket No. 16)**. That motion, however, does not void the applicable statute of limitations nor does it amplify Defendant's discovery obligations to the eight years Plaintiffs' suggest. Indeed, if that were the case, which it is not, any party in any litigation could magnify the scope of discovery exponentially by filing a similarly far-fetched motion. As Plaintiffs

6.

LITTLER MENDELSON
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89109.5937
702.862.8800

are aware, every single court to have addressed the limitations issue for minimum-wage based claims has found that the two-year statute of limitations applies. *See Williams et al. v. Claim Jumper Acquisition Company*, LLC, A-14-702048 (Sept. 22, 2014);[5] *Rivera v. Peri & Sons Farms, Inc.*, 805 F.Supp.2d 1042 (D. Nev., 2011) aff'd in part, rev'd in part, 735 F.3d 892 (9th Cir. 2013); *McDonagh v. Harrah's Las Vegas, Inc.*, 2014 WL 2742874 (D. Nev. June 17, 2014). Accordingly, there can be no question that the statute of limitations in this matter is two-years.

Moreover, in the off-chance the Court finds that the two-year statute of limitations does not apply, the largest limitation period that could possibly apply is four-years. *See* NRS 11.010. In that event, Defendant would supplement its discovery responses appropriately. In the meantime, however, limiting class discovery to the applicable two-years in no way prejudices Plaintiffs' case. None of Plaintiffs' legal arguments depend on the number of employees employed by Defendant from May 2010 to May 2012 and, further, for the reasons explained above, it is most likely that that those employees cannot be members of the alleged class anyway. Accordingly, as none of the requested discovery impairs the Plaintiffs' ability to go to trial or threatens to interfere with the rightful decision of the case, Plaintiffs will not suffer any real prejudice by limiting discovery to the applicable statute of limitations. *See Malone v. United States Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987) (finding no prejudice when later-produced discovery responses did not impair plaintiff's ability to go to trial or interfere with rightful decision of the case).

**B.     Plaintiffs Failed to Meet and Confer on the Requests for Production at Issue**

On October 28, 2014 Plaintiffs' counsel sent a letter to Defense counsel listing "the discovery requests and responses still at issue." **October 28, 2014 Meet and Confer Letter from Bradley Schrager attached hereto as Exhibit D**. Specifically, the letter indicated that (a) Plaintiffs believed they were entitled to information outside the statute of limitations; (b) Plaintiffs wanted plan information for 2008, 2010, 2011, 2012, and 2013; and (c) Plaintiffs believed Defendant was

---

[5] Plaintiffs' counsel, who also represents plaintiffs in *Williams*, has filed a Petition for Writ of Mandamus before the Nevada Supreme Court challenging the district court's order which establishes that the two-year statute of limitation for minimum-wage based claims. **See Request for Judicial Notice (Docket No. 40)**. The Supreme Court has directed defendants in that matter to file an Answer no later than December 10, 2014. A Reply is due December 25, 2014.

7.

LITTLER MENDELSON
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89109 5937
702 862 8800

required to disclose a store location that closed in 2009. **Id**. In response, Defendant's counsel sent a letter on November 3, 2014 indicating that: (a) Defendant maintained its position on the statute of limitations issue; (b) Defendant produced all insurance information in its custody and control, but that it recently received additional responsive documents which it would produce; and (c) Defendant inadvertently omitted the store which closed in 2009, but that it also maintained its position that stores which closed prior to May 2012 had no relevance to this lawsuit. **November 3, 2014 Letter from Rick Roskelley attached hereto as Exhibit E**. Defendant then disclosed the requested information for the store that closed in 2009 in order to avoid a pointless discovery dispute. **Id**. At the end of that letter, Defendant's counsel stated that "on the matters discussed within this letter, we agree that we have sufficiently met and conferred." **Id**. (emphasis added).[6] Thus, Defendant's counsel <u>only</u> agreed that the parties sufficiently met and conferred on the topics addressed in Plaintiffs' October 28, 2014 letter. As a result, until the instant Motion, Defendant was unaware that Plaintiffs would seek Court intervention on <u>any</u> of Requests for Production listed in the instant motion because at no point did Plaintiffs' counsel indicate that these Requests for Production were still at issue.

Specifically, Defendant believed Plaintiffs were satisfied with its responses concerning the Requests for Production related to: (1) premium costs to be paid by the Defendant's employees from November 2006 to June 2008; (2) documents evidencing declination of health insurance; and (3) the insurance plan documents from 2008, 2010, 2011, 2012, and 2013. Indeed, had Plaintiffs brought these matters to Defendant's attention and indicated that they took issue with Defendant's October 20, 2014 responses and November 3, 2014 assurance that a supplement was forthcoming, as they were required to by **Fed.R.Civ.P 37(a)(1) and LR 26-7(b)**, Defendant believes that all of these "disputed" requests for production could have been resolved without Court intervention. Accordingly, Plaintiffs' Motion should be denied for failing to meet and confer.

---

[6] Defendant's counsel made this statement based on the fact that the statute of limitations issue had been discussed at the September 15, 2014 telephonic meet and confer and, based on Plaintiffs' letter, is was clear the parties continued to disagree on this issue after Defendant's October 20, 2014 disclosures. As for the remaining topics in the letter, Defendant believed it had adequately responded by giving the 2009 store information and indicating a supplement was forthcoming.

8.

C. **Defendant Has Already Produced All Relevant Responsive Documents**

Plaintiffs Motion should be denied <u>with prejudice</u> because Defendant has already produced all relevant responsive documents.

1. <u>Defendant Has Already Produced All Relevant Information Relating to Premium Costs to Be Paid By the Defendant's Employees (Request for Production Nos. 11 and 12)</u>

Plaintiffs continue to insist that they need insurance documents dating all the way back to 2006 on the grounds that those documents will somehow show "patterns and practices of compliance." However, not once have Plaintiffs explained why "patterns and practices of compliance" have any bearing on this case whatsoever. There are no allegations of willfulness, malice, or intent in Plaintiffs' Amended Complaint. Additionally, each year that insurance was offered is completely independent from the others. Thus, whether the insurance plans offered from 2006-2011 met the "coverage requirements" that Plaintiffs have yet to articulate, or cost less than 10 percent of the employee's gross taxable income, is completely irrelevant to whether the plans offered in 2012-2014 met those requirements as well.

Despite this obvious limitation, however, in an effort to avoid a meaningless discovery dispute, Defendant's counsel offered to produce insurance information as far back as was available, pending approval of Defendant.[7] Accordingly, Defendant has produced all health insurance plan information in its possession, dating back to 2007 – the first year it offered insurance to its hourly employees. Specifically, Defendant has produced: summary plan descriptions, benefit information, premium costs to be paid by employees, and group policy documents for every year it had those documents available.[8] Moreover, Defendant has gone out of its way to contact insurance companies that have not offered insurance to Defendant's employees in years in an effort to fully respond to Plaintiffs' requests.

Nonetheless, despite being repeatedly informed that insurance information from 2006-2011 is completely irrelevant to this lawsuit and that Defendant has already produced all documents in the

---

[7] Defendant's counsel made this offer during the September 15, 2014 telephonic meet and confer. **Blakey Dec'l, at ¶ 10.**
[8] Those documents are bates numbered BRIAD000836 - BRIAD001375 and can be provided to the Court for inspection upon request.

9.

LITTLER MENDELSON
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89109 5937
702 862 8800

custody and control of Defendant, Plaintiffs filed this Motion stating that Defendant has "failed to produce" premium costs to be paid by employees for the plans and policies offered between November 28, 2006, and June 30, 2007, and between July 1, 2007, and June 30, 2008. As explained above, this information is completely irrelevant. Moreover, Defendant has already produced the earliest information it has on premium costs to be paid by employees. Specifically, that information was produced at BRIAD000844. **See BRIAD000844, attached hereto as Exhibit F.** On the bottom of the page under the column labeled "current" are the rates charged prior to July 1, 2008. **Id.** Had Plaintiffs met and conferred with Defendant on this issue, any confusion surrounding this document could have been resolved. Accordingly, to the extent Plaintiffs seek additional information relating to the employee premium cost of insurance between November 28, 2006, and June 30, 2007, and between July 1, 2007, and June 30, 2008, their Motion should be denied with prejudice.

    2. <u>Declination of Health Insurance Benefits Plans and Policies (Request for Production Nos. 16-20)</u>

Requests for Production Nos. 16-20 seek "all documents evidencing declination of any health insurance plans offered or provided by Briad" from November 28, 2006 to present. As Defendant explained in response to these Requests for Production, these requests are overbroad, unduly burdensome, and premature. Additionally, the putative class has a privacy interest in the requested information and production would be improper. In regard to the named Plaintiffs, Defendant has already fully responded.

    a. *Plaintiffs' Requests for "All Documents" are Overbroad and Unduly Burdensome*

As the United States District Court for the District of Nevada recently held in *Krause v. Nevada Mut. Ins. Co.*, "[a] discovery request is overly broad and unduly burdensome on its face if it uses an omnibus term such as 'relating to,' 'pertaining to,' or 'concerning' to modify a general category or broad range of documents or information." *Krause v. Nevada Mut. Ins. Co.*, 2014 WL 496936 (D. Nev. Feb. 6, 2014) aff'd, 2014 WL 3592655 (D. Nev. July 21, 2014) (*quoting Dauska v. Green Bay Packaging Inc.*, 291 F.R.D. 251 (E.D.Wisc. 2013). The court went on to explain that requests seeking "<u>all documents and emails that refer or relate to</u>" the allegations or defenses in a

10.

case are impermissibly broad because the response would require the compilation and review of "a vast array of material having no possible relevance to [the] lawsuit." *Id.* (emphasis added). "To require compliance under such circumstances would be unreasonably time-consuming, burdensome and unfair." *Id.*

Here, the at-issue Requests for Productions are precisely the type of requests which were contemplated by the court in *Kraus*. Specifically, Plaintiffs' request for "all documents evidencing" declination of "any health insurance benefits plans" could feasibly include any number of documents. Requiring Defendant to search for a broad category of documents for the over 800 employees would be unreasonably time-consuming, burdensome and unfair. Accordingly, Defendant cannot possibly respond to this over-expansive request. Moreover, as explained above, Plaintiffs' claims for alleged minimum wage violations before May 19, 2012 are barred by the statute of limitations. Thus, any information about employees prior to May 19, 2012 is not discoverable. Because Plaintiffs' Requests for Production reach beyond this relevant time period, they are for this reason as well overbroad.

      b.    *Plaintiffs' Request for Specific Information as to all Putative Class Members is Overbroad and Premature Prior to Any Class Certification*

The Ninth Circuit has addressed the propriety of pre-certification discovery in class action cases on numerous occasions. *See, e.g., Doninger v. Pac. Northwest Bell, Inc.*, 564 F.2d 1304, 1307, 1313 (9th Cir. 1977) (noting discovery of personnel information could become appropriate only after class certification); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177-78, 94 S. Ct. 2140 (1974) (indicating inquiry into the merits at the pre-certification stage is inappropriate because a defendant may be substantially prejudiced and it contravenes the rules governing class actions); *McPhail v. First Command Financial Planning, Inc.* 251 F.R.D. 514, 517 (S.D. Cal. Apr. 3, 2008) (finding prior to class certification, discovery should be conducted on a class wide level only in the "rarest of cases").

Further, the Rules of Civil Procedure do not provide for discovery regarding absent class members as a matter of course. *See, e.g., Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 810 n. 2, 105 S.Ct. 2965 (1985) (noting that discovery is rarely imposed on absent plaintiff class members);

LITTLER MENDELSON
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89109 5937
702 862 8800

*Deposit Guaranty National Bank v. Roper*, 445 U.S. 326, 358, 100 S. Ct. 1166, 1184 fn. 21 (1980) (noting absent class members are not present as parties until a proper certification order is entered); *Pierce v. County of Orange*, 526 F.3d 1190, 1202 n. 9 (9th Cir. 2008) (Fed. R. Civ. P. 23 imposes inherent limitations on absent class member discovery); *Campbell v. Pricewaterhouse Coopers, LLP*, 2009 WL 530308, *1 (E.D. Cal. Mar 03, 2009); *Cox v. American Cast Iron Pipe Co.*, 784 F.2d 1546, 1556 (11th Cir. 1986) (finding discovery directed to passive class members inappropriate prior to the merits stage).

In *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205 (9th Cir. 1975), the Ninth Circuit recognized that "[w]hether or not discovery will be permitted in a case of this nature lies within the sound discretion of the trial court." *Id.* at 209 (*citing Berland v. Mack*, 48 F.R.D. 121, 126 (S.D.N.Y.1969)); *see also Artis v. Deere & Co.*, 276 F.R.D. 348, 351 (N.D.Cal. 2011) ("Prior to class certification under Rule 23, discovery lies entirely within the discretion of the Court.") (*citing Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009)). "In determining whether to grant discovery <u>the court must consider its need, the time required, and the probability of discovery resolving any factual issue necessary for the determination</u>" of whether a class action is maintainable. *Kamm*, 509 F.2d at 210 (emphasis added). Moreover, "where the plaintiffs fail to make even a prima facie showing of Rule 23's prerequisites [i.e., numerosity, commonality, typicality and adequacy of representation], ... the burden is on the plaintiff to demonstrate that discovery measures are likely to produce persuasive information substantiating the class action allegations." *Id.* (*citing Hatfield v. Williams*, 64 F.R.D. 71, 75 (N.D.Iowa 1974)); *see also Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir.1985) ("Although in some cases a district court should allow discovery to aid the determination of whether a class action is maintainable, the plaintiff bears the burden of advancing a prima facie showing that the class action requirements of Fed.R.Civ.P. 23 are satisfied or that discovery is likely to produce substantiation of the class allegations. Absent such a showing, a trial court's refusal to allow class discovery is not an abuse of discretion.")

Here, Plaintiffs have not obtained conditional certification and therefore are not entitled to discovery regarding absent class members. Additionally, Plaintiffs have not made any showing whatsoever that the court should allow discovery of "all documents evidencing declination of any

12.

health insurance benefits plans." First, Plaintiffs have not articulated an actual need for the requested documentation. Rather, Plaintiffs merely state that "[t]he documents are relevant to the operative complaint." **Motion to Compel Discovery (Docket No. 43), at 12:16-17.** Second, as explained above, the time that would be required to search for the requested discovery would be truly outrageous. Third, documents indicating whether any of the putative class members declined health insurance would in no way resolve any factual issue necessary for the determination of whether a class action is maintainable. To the contrary, Plaintiffs themselves have defined the putative class as:

> All current and former employees of Defendants at all Nevada TGI Friday's locations at any time during the applicable statutes of limitation who were compensated at less than the upper-tier hourly minimum wage set forth in Nev. Const. art XV, § 16.

**First Amended Class Action Complaint (Docket No. 6);** *see also* **Complaint (Docket No. 1), at ¶64.** Thus, based on Plaintiffs own definition of the class, all of Defendant's former and current employees paid below the upper-tier minimum wage are putative class members regardless of whether they accepted of declined the at-issue insurance. Accordingly, the requested information has no relevance to the certification of a class nor is that information likely to produce substantiation of the class allegations. Finally, Plaintiffs have not made a prima facie showing that the class action requirements of Fed.R.Civ.P. 23 are satisfied. In fact, the instant motion makes no reference whatsoever to this requirement for pre-certification discovery. Accordingly, Plaintiffs' request "all documents evidencing declination of any health insurance benefits plans" is overbroad and premature and the Motion to Compel should be denied with prejudice.

    c. *The Putative Class Members have Privacy Interest in the Requested Information*

Plaintiffs' Requests for Production are additionally improper as they seek personal information about putative class member. Specifically, there is an expectation of privacy in the requested information which renders it confidential. *See i.e. Whalen v. Roe*, 429 U.S. 589, 599 (1977) (recognizing a fundamental privacy right in non-disclosure of personal medical information). "When the constitutional right of privacy is involved, the party seeking discovery must demonstrate a compelling need for discovery, and that compelling need must be so strong as to outweigh the privacy right when these two competing interests are carefully balanced." *Artis v. Deere & Co.*, 276

13.

F.R.D. 348, 352 (N.D. Cal. 2011) (*quoting Wiegele v. FedEx Ground Package Sys.*, 2007 WL 628041, at * 2 (S.D. Cal. Feb. 8, 2007)). "Even when discovery of private information is found directly relevant to the issues of ongoing litigation, it will not be automatically allowed; there must then be a careful balancing of the compelling public need for discovery against the fundamental right of privacy." *Id.* (internal quotation marks and citation omitted). In the context of an action governed by Rule 23, courts have determined that there are "more intimate privacy interests" when a party seeks disclosure of the putative class' personal information. *Sargant v. HG Staffing, LLC*, 2014 WL 1653273, at *4 (D. Nev. Apr. 23, 2014) (*citing Artis*, 276 F.R.D. at 353).

Here, Plaintiffs have not explained a "compelling need" for the requested discovery. To the contrary, whether members of the putative class accepted or declined health insurance is completely irrelevant to whether the offered health insurance was "qualified health insurance." Moreover, it is obvious that members of the putative class have a significant privacy interest in any documentation evidencing the type of health insurance they do or do not have for themselves and their family members, who are not members of the putative class, and also have a privacy interest in this information. Accordingly, this personal information about members of the putative class and their family members is not discoverable.

      d.    *Defendant has already fully responded to the Requests for Production for the Named Plaintiffs*

Concerning the named Plaintiffs, four of the eight are subject to binding arbitration agreements. **See Motion to Compel Arbitration (Docket No. 42)**. Accordingly, any discovery on behalf of those Plaintiffs should be requested through the proper forum.

As for the remaining four named Plaintiffs, Defendant clearly stated that "Defendant expressly reserves the right to alter, amend, supplement, modify, or otherwise revise its responses." **Defendant's Responses to Plaintiffs' First Set of Requests for Production Propounded on Behalf of the Putative Class, attached hereto as Exhibit G**. Thus, Defendant has not refused to produce this information as Plaintiffs' Motion suggests. Rather, after a diligent and thorough inquiry, Defendant has been unable to locate the requested documentation. Plaintiffs would have been aware of this had they bothered to meet and confer with Defendant on this issue prior to seeking Court

14.

intervention. Accordingly, for the forgoing reasons, Plaintiffs' Motion should be denied with prejudice.

### 3. Health Insurance Benefits Plans and Policies (Requests for Production 1, 4, and 5)

In regard Defendant's Responses to Request for Production Nos. 1, 4, and 5, Defendant clearly indicated to Plaintiff that it would be producing responsive documents in a supplemental disclosure. **November 3, 2014 Letter from Rick Roskelley attached hereto as Exhibit E**. That disclosure was mailed to Plaintiffs on November 13, 2014, approximately 10 days after those documents came into the possession of Defendant's counsel from Defendant's prior insurance carrier.[9] **Blakey Dec'l, at ¶¶ 11-12**. Moreover, Defendant's counsel has repeatedly informed Plaintiff's counsel that it would provide information as it became available. Plaintiffs' counsel, nonetheless, appears completely unaware of the realities of discovery. For example, Plaintiffs' decision to move to compel these documents does nothing more than highlight their overzealous and continuously improper approach to discovery. Plaintiffs simply do not need and Defendants cannot possibly produce every single document or piece of information that in any way mentioned or referenced the health insurance plans offered to Defendants' hourly employees since the enactment of the Minimum Wage Amendment.[10] Accordingly, the instant Motion seeking additional responses to Plaintiffs' discovery requests should be denied.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Compel Defendant to Respond to Plaintiffs' Discovery Requests should be **denied with prejudice.**

///

///

---

[9] The disclosure was 176 pages of complex plan documents which had to be reviewed by counsel and Defendant, and then bates stamped for disclosure. In light of the size and complexity of the disclosure, 10 days was entirely reasonable length of time for Defendant's counsel to prepare and disclose the documents.

[10] The majority of Plaintiffs discovery requests not currently at issue herein have requested this expansive amount of discovery.

15.

LITTLER MENDELSON
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89109 5937
702 862 8800

1  Dated: November 26, 2014

3                                          Respectfully submitted,

6                                          _____
                                           RICK D. ROSKELLEY, ESQ.
7                                          ROGER GRANDGENETT, ESQ.
                                           KATIE BLAKEY, ESQ.
8                                          LITTLER MENDELSON, P.C.

                                           Attorneys for Defendant
9                                          BRIAD RESTAURANT GROUP, L.L.C.

LITTLER MENDELSON
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89109.5937
702.862.8800

16.

# PROOF OF SERVICE

I am a resident of the State of Nevada, over the age of eighteen years, and not a party to the within action. My business address is 3960 Howard Hughes Parkway, Suite 300, Las Vegas, Nevada, 89169. On November 26, 2014, I served the within document:

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DEFENDANT TO RESPOND TO PLAINTIFFS' DISCOVERY REQUESTS**

[x] By CM/ECF Filing – Pursuant to FRCP 5(b)(3) and LR 5-4, the above-referenced document was electronically filed and served upon the parties listed below through the Court's Case Management and Electronic Case Filing (CM/ECF) system:

Don Springmeyer, Esq.
Bradley Schrager, Esq.
Daniel Bravo, Esq.
Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP
3556 E. Russell Road, 2nd Floor
Las Vegas, NV 89120-2234

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 26, 2014, at Las Vegas, Nevada.

_/s/ Debra Perkins_
Debra Perkins

Firmwide:130096400.1 058582.1012

17.