UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ERIN HANKS, *et al.*, ) <br> ) <br> Plaintiffs, ) <br> vs. ) <br> ) <br> BRIAD RESTAURANT GROUP, L.L.C., ) <br> ) <br> Defendant. ) <br> ) | Case No.: 2:14-cv-00786-GMN-PAL <br><br> **ORDER** |

Pending before the Court is the Motion to Dismiss (ECF No. 14) filed by Defendant Braid Restaurant Group, L.L.C. ("Defendant"). Plaintiffs Erin Hanks, Deatra Enari, Jeffrey Anderson, Toby Earl, Shyheem Smith, Robert Baker, James Skadowski, and Michelle Pickthall (collectively, "Plaintiffs") filed a Response (ECF No. 15), and Defendant filed a Reply (ECF No. 18).

Also pending before the Court is the Motion for Partial Summary Judgment (ECF No. 16) filed by Plaintiffs. Defendant filed a Response (ECF No. 29), and Plaintiffs filed a Reply (ECF No. 30).

Finally, also pending before the Court is the Motion to Certify Class (ECF No. 17) filed by Plaintiffs. Defendant filed a Response (ECF No. 26), and Plaintiffs filed a Reply (ECF No. 28).

For the reasons discussed below, Defendant's Motion to Dismiss is **GRANTED in part** and **DENIED in part**, Plaintiffs' Motion for Summary Judgment is **DENIED**, and Plaintiffs' Motion to Certify Class is **DENIED without prejudice**.

**I.     BACKGROUND**

This case arises out of alleged violations of Nevada statutes pertaining to minimum

wage regulations for employers. Plaintiffs are employees of the restaurant chain, TGI Friday's, who work at various locations throughout Nevada. (Am. Compl. ¶ 1, ECF No. 6). Plaintiffs allege that this action "is a result of [Defendant's] failure to pay Plaintiffs and other similarly-situated employees who are members of the Class the lawful minimum wage, because [Defendant] improperly claimed eligibility to compensate employees at a reduced minimum wage rate under Nev. Const. art. XV, § 16." (*Id.* ¶ 2).

Plaintiffs filed the instant action in this Court on May 19, 2014. (*See* Compl., ECF No. 1). Shortly thereafter, on May 23, 2014, Plaintiffs filed an Amended Complaint, alleging three claims for relief: (1) violation of Nev. Const. art. XV, § 16; (2) violation of Nev. Const. art. XV, § 16 and NAC 608.102; and (3) violation of Nev. Const. art. XV, § 16 and NAC 608.104. (Am. Compl. ¶¶ 72–83). Subsequently, the parties filed the present pending motions.

## II.   LEGAL STANDARDS

### A.   Dismissal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action

with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).

In order to survive a motion to dismiss, a complaint must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).  Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### B.  Summary Judgment Standard

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.*  "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict

in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid

summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324. At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id*. at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

    **C.   Class Certification Standard**

The party seeking class certification bears the burden of demonstrating that the requirements of Rule 23(a) and (b) are met. *Conn. Retirement Plans & Trust Funds v. Amgen. Inc.*, 660 F.3d 1170, 1175 (9th Cir. 2011). "Rule 23 does not set forth a mere pleading standard." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011). Rather, "[a] party seeking certification must affirmatively demonstrate his compliance with the rule," and a trial court should only certify a class if it "is satisfied, after a rigorous analysis that the prerequisites of Rule 23(a) have been satisfied." *Id.* (citing *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161 (1982)).

In order to successfully move to certify a class under Rule 23, Plaintiffs must satisfy two sets of criteria. First, Plaintiffs must show each of the following:

   (1) the class is so numerous that joinder of all members is impracticable;

   (2) there are questions of law or fact common to the class;

   (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

     (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a)(1)–(4); *see Rodriguez v. Hayes*, 578 F.3d 1032, 1047 (9th Cir. 2009).

Second, plaintiffs must show at least one of the following:

     (1) prosecuting separate actions by or against individual class members would create a risk of:

          (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or

          (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;

     (2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or

     (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:

          (A) the class members' interests in individually controlling the prosecution or defense of separate actions;

          (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;

          (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

          (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(1)–(3). A district court should not address the merits of the case when

determining certification under Rule 23, *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177–78 (1974) (holding that a class action plaintiff cannot argue the merits of his case to circumvent the Rule 23 certification requirements), unless the merits at issue concern requirements of certification under Rule 23, in which case the court must consider such evidence, *Dukes v. Wal-Mart, Inc.*, 509 F.3d 1168, 1178 n.2 (9th Cir. 2007) (citation omitted). A district court may, however, dismiss an action on the merits before determining propriety of certification. *See Marx v. Centran Corp.*, 747 F.2d 1536, 1552 (6th Cir. 1984).

### III. DISCUSSION

#### A. Motion to Dismiss

##### 1. Private Right of Action

Defendant asserts that, "[t]o the extent that Plaintiffs' Second Claim is seeking relief for an alleged 'violation' of NAC 608.102, dismissal is appropriate because there is no private right of action or relief provided in NAC 608.102." (Mot. to Dismiss 3:7–9, ECF No. 14). Additionally, Defendant asserts that, "to the extent Plaintiffs' Third Claim for Relief is attempting to allege a 'violation' of NAC 608.104, dismissal of the claim with prejudice is proper as there is no private right of action or court relief available to an individual under NAC 608.104." (*Id.* 4:23–25). Plaintiffs counter that NAC 608.102 and 608.104 effectuate the mandates of Nev. Const. art. XV, § 16 ("the Minimum Wage Amendment"). (Response 5:6–6:19, ECF No. 15). Moreover, Plaintiffs argue that both N.A.C. 608.102 and 608.104 "further the rights and remedies created by the amendment, and are thus enforceable privately." (*Id.* 7:18–19).

The Minimum Wage Amendment provides in pertinent part:

> Each employer shall pay a wage to each employee of not less than the hourly rates set forth in this section. The rate shall be five dollars and fifteen cents ($5.15) per hour worked, if the employer provides health benefits as described herein, or six dollars and fifteen cents ($6.15) per hour if the employer does not provide such benefits. Offering health benefits within the meaning of this section

shall consist of making health insurance available to the employee for the employee and the employee's dependents at a total cost to the employee for premiums of not more than 10 percent of the employee's gross taxable income from the employer. These rates of wages shall be adjusted by the amount of increases in the federal minimum wage over $5.15 per hour, or, if greater, by the cumulative increase in the cost of living.

Nev. Const. art. XV, § 16. Moreover, NAC 608.102 provides regulations regarding the type of health insurance plans that must be offered. Additionally, NAC 608.104 provides regulations for the determination of whether an employee's share of a qualified health insurance's premium exceeds 10 percent of the employee's gross taxable income.

Under Nevada law, if a statute does not expressly mention whether an individual may privately enforce its terms, one "may pursue their claims under that statute only if a private cause of action is implied." *Baldonado v. Wynn Las Vegas, LLC*, 194 P.3d 96, 100 (Nev. 2008). "Whether a private cause of action can be implied is a question of legislative intent." *Id.* at 100–01 (citing *Allstate Inc. Co. v. Thorpe*, 170 P.3d 989, 993 (Nev. 2007)). To determine legislative intent in the absence of plain, clear language, Nevada courts examine the entire statutory scheme, reason, and public policy. *Id.* at 101 (citing *U.S. Design & Const. Corp. v. Int'l Bros. of Elec. Workers*, 50 P.3d 170, 172 (Nev. 2002)). Accordingly, Nevada courts "are guided by three factors originally set forth by the U.S. Supreme Court: (1) whether the plaintiffs are 'of the class for whose special benefit the statute was enacted'; (2) whether the legislative history indicates any intention to create or to deny a private remedy; and (3) whether implying such a remedy is 'consistent with the underlying purposes of the legislative scheme.'" *Id.* (quoting *Sports Form, Inc. v. Leroy's Horse and Sports Place*, 823 P.2d 901, 902 (Nev. 1992)).

Ultimately, "the determinative factor is always whether the Legislature intended to create a private judicial remedy." *Id.* Without this intent, courts may not create a cause of

action "no matter how desirable that might be as a policy matter, or how compatible with the statute." *Id.* (quoting *Alexander v. Sandoval*, 532 U.S. 275, 286–87 (2001)). "[T]he absence of an express provision providing for a private cause of action to enforce a statutory right strongly suggests that the Legislature did not intend to create a privately enforceable judicial remedy." *Id.*

Here, neither party disputes that NAC 608.102 and 608.104 do not explicitly provide for a private right of action. Additionally, the Court cannot find intent by the Nevada Legislature to create a private right of action pursuant to these regulations. The Minimum Wage Amendment provides that "[a]n employee claiming violation of this section may bring an action against his or her employer in the courts of this State to enforce the provisions of this section and shall be entitled to all remedies available under the law or in equity appropriate to remedy any violation of this section, including but not limited to back pay, damages, reinstatement or injunctive relief." Therefore, the Minimum Wage Amendment, rather than the NAC, provides a private right of action for minimum wage violations by employers. Plaintiffs' claim for violations of NAC 608.102 and 608.104 are dismissed with prejudice as no amendment may cure this defect, and Plaintiffs' First Claim for Relief is Plaintiffs' remaining claim.

    **2. Failure to State a Claim**

Next, Defendant asserts that Plaintiffs' claim of an alleged violation of the Minimum Wage Amendment "is subject to dismissal because it fails to allege a claim upon which relief may be granted." (Mot. to Dismiss 5:20–21, ECF No. 14). As discussed above, the Minimum Wage Amendment requires that employers provide qualifying health benefits when it pays an employee a wage less than the upper-tier minimum wage. Nev. Const. art. XV, § 16. Pursuant to the Amendment, qualifying health benefits are benefits for the employee and the employee's dependents at a total cost to the employee for premiums of not more than 10 percent of the

employee's gross taxable income from the employer." *Id.*

In the Amended Complaint, Plaintiffs allege the specific wages that each named Plaintiff earned. (Am. Compl. ¶¶ 15–21, 31, 36, 43, 46, 49, and 52, ECF No. 6). Furthermore, Plaintiffs allege that Defendants offered three of the named Plaintiffs "the company health insurance plan." (*Id.* ¶¶ 27, 32, and 37). Additionally, Plaintiffs allege that the company health insurance plan offered to these named Plaintiffs "did not cover those categories of health care expenses that are generally deductible by an employee on his/her individual federal income tax return pursuant to 26 U.S.C. § 213 and any federal regulations relating thereto, if such expenses had been borne directly by the employee." (*Id.* ¶¶ 28, 33, and 38). Plaintiffs also allege that the health plan offered to these named Plaintiffs had premium costs that "exceeded the constitutionally-prescribed maximums." (*Id.* ¶¶ 29 and 34). Moreover, Plaintiffs also allege that the other five named Plaintiffs were never offered or provided any health insurance at all. (*Id.* ¶¶ 41, 44, 47, 50, and 53). The Court finds that these allegations sufficiently plead a cause of action for violations of the Minimum Wage Amendment. Accordingly, the Court will deny Defendants' Motion to Dismiss as to this claim.

**B.   Motion for Partial Summary Judgment**

In their Motion for Partial Summary Judgment, Plaintiffs argue that no limitations period applies to their claim because the Minimum Wage Amendment does not contain language regarding a limitations period and the two-year limitations period in the former statute governing minimum wage claims was impliedly repealed. (MPSJ 2:3–15, ECF No. 16). Plaintiffs, therefore, request this Court to determine what limitations period, if any, applies to Plaintiffs' claims in order to "resolve any confusion," "assist the parties in constructing their respective litigation strategies," and "promote refinement of the class definition." (*Id.*).

The Court's "role is neither to issue advisory opinions nor to declare rights in hypothetical cases, but to adjudicate live cases or controversies consistent with the powers

granted the judiciary in Article III of the Constitution." *Thomas v. Anchorage Equal Rights Commission*, 220 F.3d 1134 (9th Cir. 2000) (en banc).  In essence, Plaintiffs are asking this Court for an impermissible advisory opinion on what the applicable limitations period may be so that they may better formulate their class.  At this point in the litigation, a determination of the appropriate limitations period for Plaintiffs' claims is purely a legal question based on hypothetical facts.  Defendant has not raised a limitations period as a defense to any Plaintiffs' claims.  The fact that Plaintiffs may later attempt to add Plaintiffs to this action whose claims Defendant will challenge as beyond a limitations period is hypothetical and does not create an existing case or controversy. *See United States v. Cook*, 795 F.2d 987, 994 (Fed. Cir. 1986) (District Court erred by tolling statute of limitations in advance of the filing of potentially untimely claims).  Accordingly, Plaintiffs' Motion for Partial Summary Judgment is denied.[1]

### C. Motion to Certify Class

In their Motion to Certify Class, Plaintiffs move to certify a class under the following definition:

> All Current and former employees of [Defendant]'s at all its Nevada Restaurant locations at any time during the applicable period of limitation who were compensated at less than the upper-tier hourly minimum wage set forth in Nev. Const. art XV, § 16.

(Mot. to Cert. Class 4:19–22, ECF No. 17).  Plaintiffs assert that this definition satisfies the four requirements of Rule 23(a) and that it meets the predominance requirement of Rule 23(b)(3). (*Id.* 5:15–12:10).  Defendant, however, opposes Plaintiffs' motion primarily on the grounds that Plaintiffs have failed to meet their burden of demonstrating compliance with Rule 23 because they have failed to provide any evidence showing by a preponderance of the evidence that the elements of the rule have been met. (Resp. to Cert. 2:23–4:8, ECF No. 26).

---

[1] Defendant has also filed a Motion for Leave to File Notice of New Authority (ECF No. 35) in support of its Response to the Motion for Partial Summary Judgment.  Because this Court has denied the Motion for Partial Summary Judgment as an impermissible advisory opinion, the Motion for Leave to File Notice of New Authority is denied as moot.

"The Supreme Court . . . has yet to decisively attach a standard of proof to Rule 23 requirements." *Keegan v. American Honda Motor Co.*, 284 F.R.D. 504, 521 n.83 (C.D. Cal. 2012); *see Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1432, (2013) (the most recent Supreme Court case on class certification, which employs the standard from *Wal-Mart Stores, Inc. v. Dukes* that a party seeking class action "must affirmatively demonstrate his compliance" and that a trial court should only certify a class if it "is satisfied, after a rigorous analysis that the prerequisites of Rule 23(a) have been satisfied"). Similarly, the Ninth Circuit has not yet directly addressed the standard of proof issue in the context of class certification.[2]

Here, however, the Court need not determine whether to apply a preponderance of the evidence standard in order to rule on the motion. As pointed out by Defendant, Plaintiffs have failed to submit any evidence at all supporting their arguments for numerosity, commonality, or typicality under Rule 23(a) or their argument for predominance under Rule 23(b)(3). (Resp. to Cert. 4:9–14:19, ECF No. 26). Plaintiffs' motion relies almost entirely on their pleadings and unsubstantiated statements in their motion. *See* (Mot. to Cert. Class, ECF No. 17). The only evidence Plaintiffs provide supporting their motion is a table showing the Nevada minimum wage rates over the past eight years, (ECF No. 17-1), and a "Resume," (ECF No. 17-2), stating their law firm's qualifications for representing the proposed class.

When analyzing the propriety of class certification, the Supreme Court has "[r]epeatedly . . . emphasized that it 'may be necessary for the court to probe behind the pleadings before

---

[2] Among the Circuit Courts that have addressed the standard of proof issue, a consensus appears to be emerging around the "preponderance of the evidence" standard. *See, e.g.*, *Levitt v. J.P. Morgan Securities, Inc.*, 710 F.3d 454, 465 (2nd Cir. 2013) ("The Rule 23 requirements must be established by at least a preponderance of the evidence."); *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 811 (7th Cir. 2012) (citation omitted) ("Plaintiffs bear the burden of showing that a proposed class satisfies the Rule 23 requirements, but they need not make that showing to a degree of absolute certainty. It is sufficient if each disputed requirement has been proven by a preponderance of evidence."); *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 320 (3d Cir. 2008) ("[A] district court exercising proper discretion in deciding whether to certify a class will resolve factual disputes by a preponderance of the evidence and make findings that each Rule 23 requirement is met or is not met . . . ."). That view, however, is not universally held. *See Gooch v. Life Investors, Co. of Am.*, 672 F.3d 402, 418 n.8 (6th Cir. 2012) (declining "preponderance of the evidence" standard for the "rigorous analysis" mandated by *Dukes* and *Falcon*).

coming to rest on the certification question,' and certification is proper only if 'the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied.'" *Comcast*, 133 S.Ct. at 1432 (quoting *Dukes*, 131 S.Ct. at 2551)). Furthermore, as already stated, "Rule 23 does not set forth a mere pleading standard." *Dukes*, 131 S. Ct. at 2551. "A party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *Id.* Moreover, even after all four prerequisites of Rule 23(a) are shown, "the party must also satisfy *through evidentiary proof* at least one of the provisions of Rule 23(b)." *Comcast*, 133 S.Ct. at 1432 (emphasis added).

"The exact contours of a 'rigorous analysis,' as well as the extent to which courts may 'probe behind the pleadings,' is still evolving." *Parra v. Bashas', Inc.*, 291 F.R.D. 360, 367 (D. Ariz. 2013). Additionally, the Court is mindful that too much factual inquiry at the certification stage, particularly when the inquiry overlaps with the merits of the case, could improperly "turn class certification into a mini-trial." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 983 n.8 (9th Cir. 2011). However, the Supreme Court's language requiring a party seeking class certification to "affirmatively demonstrate his compliance" with Rule 23 and to satisfy one of the provisions of Rule 23(b) "through evidentiary proof" mandates that the party must provide at least some evidence to support each contested Rule 23 requirement for certification. Plaintiffs in this case have failed to provide such evidentiary support. Accordingly, at this time, Plaintiffs have failed to satisfy their burden of showing that the elements of class certification have been met. However, because certification may be appropriate later should Plaintiffs present sufficient evidence supporting certification,[3] their motion is denied without prejudice.

---

[3] Defendant may have in its possession some of the evidence that could aid Plaintiffs in certifying their proposed class. *See* (Mot. to Cert. Class 7:8–11, ECF No. 17) ("The precise number of Class members will be readily calculable from a review of Defendants' personnel, payroll, and benefits records . . . ."). Therefore, limited discovery may be necessary in order to determine the availability of class certification. *See Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) ("Although a party seeking class certification

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (ECF No. 14) is **GRANTED in part** and **DENIED in part**. Defendants' Motion to Dismiss is granted as to Plaintiffs' Second and Third Claims for Relief, and these claims are dismissed with prejudice. Defendants' Motion to Dismiss is denied as to Plaintiffs' First Claim for Relief. Therefore, the action will proceed on this claim.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Partial Summary Judgment (ECF No. 16) is **DENIED**. Defendant's Motion for Leave to File Notice of New Authority (ECF No. 35) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Certify Class (ECF No. 17) is **DENIED without prejudice**.

**DATED** this 24th day of February, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Judge

---

is not always entitled to discovery on the class certification issue, we have stated that the propriety of a class action cannot be determined in some cases without discovery. . . .") (internal quotations omitted).