RICK D. ROSKELLEY, ESQ., Bar # 3192
ROGER L. GRANDGENETT II, ESQ., Bar # 6323
MONTGOMERY Y. PAEK, ESQ., Bar # 10176
KATHRYN B. BLAKEY, ESQ., Bar # 12701
LITTLER MENDELSON, P.C.
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
Telephone:    702.862.8800
Fax No.:         702.862.8811

Attorneys for Defendant
Briad Restaurant Group, LLC

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ERIN HANKS, an individual; DEATRA ENARI, an individual; JEFFREY ANDERSON, an individual; TOBY EARL, an individual; SHYHEEM SMITH, an individual; ROBERT BAKER, an individual, JAMES SKADOWSKI, an individual, MICHELLE PICKTHALL, an individual, all on behalf of themselves and all similarly-situated individuals;<br><br>Plaintiffs,<br><br>vs.<br><br>BRIAD RESTAURANT GROUP, LLC., a New Jersey limited liability company; and DOES 1 through 100, inclusive,<br><br>Defendant. | Case No. 2:14-cv-00786-GMN-PAL<br><br>**MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS PURSUANT TO FRCP 12(C) WITH RESPECT TO ALL CLAIMS FOR DAMAGES OUTSIDE THE TWO-YEAR STATUTE OF LIMITATIONS AND WITH RESPECT TO PUNITIVE DAMAGES** |

Defendant Briad Restaurant Group, LLC ("Defendant"), by and through its counsel of record, Littler Mendelson, hereby files their Motion for Partial Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure ("FRCP") for a Judgment dismissing all claims for damages outside the two-year statute of limitations and punitive damage claims in Plaintiffs' Amended Complaint, with prejudice.

/ / /

/ / /

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

# MEMORANDUM OF POINTS & AUTHORITIES

## I. INTRODUCTION

On May 19, 2014, Plaintiffs filed the instant lawsuit alleging that Defendant did not pay the applicable minimum wage to its employees. Plaintiffs' claims, however, extend beyond the applicable statute of limitations and, additionally, seek damages which are unavailable to parties alleging violations of Nevada's minimum wage. Accordingly, Defendant requests that the Court enter a judgment on the pleadings and dismiss all of Plaintiffs' claims in the Amended Class Action Complaint ("Amended Complaint") which: (1) extend beyond the two-year statute of limitations period applicable to this lawsuit; and (2) seek punitive damages.

In regard to the statute of limitations, Plaintiffs allege that Defendant "owes back pay and damages to all employees it has unlawfully underpaid since the passage of the minimum wage amendment in 2006." **Amended Complaint, (Docket No. 6) ¶ 13.** Plaintiffs also allege that they were paid a sub-minimum wage for the *entirety of their employment*, with many of the named Plaintiffs working more than two years from the filing of the lawsuit. **Amended Complaint, (Docket No. 6) ¶¶ 30, 35, 39, 42, 45, 48, 51, 54**. Moreover, Plaintiffs assert that Defendant is "liable to Plaintiffs and members of the Class for their unpaid wages for any period during which the Restaurants were ineligible to compensate Plaintiffs and members of the Class at a reduced minimum wage." **Amended Complaint, (Docket No. 6) ¶ 75.** Because the statute of limitation is two years for minimum wage claims and statutes of limitations are strictly construed, Plaintiffs' class and individual claims falling outside the two year statute of limitations must be dismissed as a matter of law. *See Goldberg v. Charter Medical Corp.*, 98 Nev. 402, 403-04, 651 P.2d 94, 94-95 (1982) (discussing the proper method for calculating the last day of the statute of limitations period and determining that the complaint had been filed on the last possible day).

Concerning punitive damages, Plaintiffs set forth in their Prayer for Relief that they are seeking punitive damages under the Minimum Wage Amendment (MWA). **Amended Complaint, (Docket No. 6) at 14:15-16.** Punitive damages, however, are not recoverable under the MWA. Additionally, punitive damages are not available under Nevada law for rights based on employment obligations, even when implied, and where there is no underlying tort alleged by Plaintiffs.

LITTLER MENDELSON, P.C
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702 862 8800

1  Therefore, Plaintiffs claims for punitive damages should be dismissed.

2  Judgment should be entered in favor for Defendant dismissing Plaintiffs' punitive damages
3  claims and claims beyond the two year statute of limitations.

## II. STANDARD FOR REVIEW

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is proper when there are no issues of material fact, and the moving party is entitled to judgment as a matter of law." *Gen. Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989). In ruling on a motion for judgment on the pleadings, the court accepts as true all well-pleaded factual allegations by the nonmoving party and construes the facts in the light most favorable to that party. *Id.* Thus, motions for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) are "functionally identical" to motions for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).

Here, dismissal of all class and individual claims falling outside the two year statute of limitations and all claims for punitive damages is appropriate under FRCP 12(b)(6), which provides, in pertinent part, that a Court may dismiss a claim for relief for "failure to state a claim upon which relief can be granted." Specifically, a complaint should be dismissed if it "appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *see also Hicks v. Small*, 69 F.3d 967, 969 (9th Cir.1995).

## III. ARGUMENT

### A. ALL CLAIMS OUTSIDE THE TWO YEAR STATUTE OF LIMITATIONS MUST BE DISMISSED AS A MATTER OF LAW

Plaintiffs have asserted class-based claims for damages based on allegations which fall outside the applicable two-year statute of limitations. **See Amended Complaint, ¶75.** In Nevada, minimum-wage based claims are subject to an explicit two-year statute of limitations under NRS 608.260. *See Golden v. Sun Cab Inc.*, A-13-678109-C (Dec. 5, 2014) (Order attached hereto as **Exhibit A**); *Perry v. Terrible Herbst, Inc.*, A-14-704428-C (Dec. 16, 2014) and (February 10, 2015)

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702 862 8800

3.

(Order attached hereto as **Exhibit B**); *Williams et al. v. Claim Jumper Acquisition Company, LLC*, A-14-702048 (Sept. 22, 2014) (Order attached hereto as **Exhibit C**); *Rivera v. Peri & Sons Farms, Inc.*, 805 F.Supp.2d 1042 (D. Nev., 2011) *aff'd in part, rev'd in part*, 735 F.3d 892 (9th Cir. 2013); *McDonagh v. Harrah's Las Vegas, Inc.*, 2014 WL 2742874 (D. Nev. June 17, 2014).[1] Thus, all of Plaintiffs' class-based claims which fall outside the statute of limitations are statutorily barred and must be dismissed with prejudice as a matter of law. *See, Bemis v. Estate of Bemis*, 114 Nev. 1021, 1024, 967 P.2d 437, 439 (1998) (stating "[a] court [may] dismiss a complaint for failure to state a claim upon which relief may be granted if the action is barred by the statute of limitations.").

Accordingly, Defendant requests that this Court dismiss all class-based claims for damages which fall outside the statute of limitations because such claims are subject to a clear two year statute of limitations; and the MWA in the Nevada Constitution preserved the two year statute of limitations for minimum wage based claims.

    **1.**    **All Minimum Wage Violation Claims in Nevada Are Subject to a Two Year Statute of Limitations.**

NRS 608.260 states that an "employee may, at any time within *two years*, bring a civil action to recover the difference between the amount paid to the employee and the amount of the minimum wage." NRS 608.260 (emphasis added). This language is in no way ambiguous. Employees must file their minimum wage claims within two years of the alleged violation. Plaintiffs' Amended Complaint for minimum wage violations outside the two year statute of limitations should be dismissed with prejudice as a matter of law. *See In re Amerco Derivative Litig .Glenbrook Capital Ltd. P'ship*, 252 P.3d 681 (Nev. 2011) (when the allegations contained in a complaint demonstrate that the statute of limitations has run, dismissal upon the pleadings is appropriate).

Nonetheless, based on Plaintiffs' Motion for Partial Summary Judgment **(Docket No. 16)** Defendant anticipates that Plaintiffs will argue that NRS 608.260 is not the applicable statute of limitations. Specifically, Plaintiffs will assert that Nevada Constitution, Article XV, § 16, the MWA,

---

[1] One Nevada State Court judge has determined NRS 608.260 does not apply to claims brought pursuant to the MWA. *See Diaz et al. v. MDC Restaurants et al.*, A-14-701633 (Feb. 3, 2015). That decision, however, fails to address the Nevada Supreme Court's decision *Thomas v. Nevada Yellow Cab Corp.*, 130 Nev. Adv. Op. 52, 327 P.3d 518 (2014).and the standard articulated therein which requires Courts to harmonize the Nevada Revised Statutes with the Nevada Constitution.

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

4.

which was passed in November 2006, was a complete revision of Nevada's minimum wage laws and, as a result, either created no statute of limitations for minimum wage claims or impliedly repealed NRS 608.260's two year statute of limitations. See **Plaintiffs' Motion for Partial Summary Judgment (Docket No. 16)**. Neither of these arguments is correct or based in reality.

As stated above, three Nevada state courts in similar cases have addressed this exact issue and all of them have found that the two-year statute of limitations applies. *See Golden v. Sun Cab Inc.*, A-13-678109-C (Dec. 5, 2014); *Perry v. Terrible Herbst, Inc.*, A-14-704428-C (Dec. 16, 2014) and (February 10, 2015); *Williams et al. v. Claim Jumper Acquisition Company, LLC*, A-14-702048 (Sept. 22, 2014); **Exhibits A, B, and C, respectively**. Additionally, even before Plaintiffs' filed their motion, two federal courts applying Nevada law determined that the two-year statute of limitations in NRS 608.260 applies to claims brought pursuant to the MWA. *See Rivera v. Peri & Sons Farms, Inc.*, 805 F.Supp.2d 1042 (D. Nev., 2011) *aff'd in part, rev'd in part*, 735 F.3d 892 (9th Cir. 2013); *McDonagh v. Harrah's Las Vegas, Inc.*, 2014 WL 2742874 (D. Nev. June 17, 2014).[2]

NRS 608.260's two-year statute of limitations is the applicable statute of limitations for minimum wage claims for four reasons: (1) claims alleging that an employee has been paid less than the effective minimum wage arise under NRS 608.260; (2) the plain language of NRS 608.260 provides for a two-year statute of limitations on minimum wage claims; (3) the MWA did not create a limitless statute of limitations for minimum wage claims; and (4) the MWA actually preserved NRS 608.260 as the applicable statute of limitations.

### a. Claims Alleging That an Employee Has Been Paid Less than the Effective Minimum Wage, Arise Under NRS 608.260

Pursuant to the MWA, wage rates are set by the Labor Commissioner and not the MWA itself. Therefore, claims alleging a violation of Nevada's minimum wage rate are in fact alleging violations of the rate set by the Labor Commissioner. Accordingly, because NRS 608.260 provides for a cause of action for minimum wage violation claims, claims styled as violations of the MWA

---

[2] One Nevada State Court judge has determined NRS 608.260 does not apply to claims brought pursuant to the MWA. *See Diaz et al. v. MDC Restaurants et al.*, A-14-701633 (Feb. 3, 2015). That decision, however, fails to address the Nevada Supreme Court's decision *Thomas v. Nevada Yellow Cab Corp.*, 130 Nev. Adv. Op. 52, 327 P.3d 518 (2014).and the standard articulated therein which requires Courts to harmonize the Nevada Revised Statutes with the Nevada Constitution.

LITTLER MENDELSON, P.C
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702 862 8800

5.

are actually claims arising under NRS 608.260 and the two-year statutory period set forth in NRS 608.260 applies. *See Williams et al. v. Claim Jumper*, A-14-702048, **Exhibit C at ¶15**.

### b. The Plain Language of NRS 608.260 Provides for a Two-Year Statute Of Limitations on Minimum Wage Claims

As discussed above, the plain language of NRS 608.260 provides for a two-year statute of limitations on minimum wage claims. NRS 608.260 states:

> If any employer pays any employee a lesser amount than the minimum wage prescribed by regulation of the Labor Commissioner pursuant to the provision of NRS 608.250, the employee may, at any time within two years, bring a civil action to recover the difference between the amount paid to the employee and the amount of the minimum wage. A contract between the employer and the employee or any acceptance of a lesser wage by the employee is not a bar to the action.

Thus, NRS 608.260 is clear: minimum wage claims filed outside the two-year statute of limitations are untimely.

### c. The MWA Did Not Create a Limitless Statute of Limitations

Based on Plaintiffs' counsel's arguments in the aforementioned similar case, Defendant anticipates that Plaintiffs may assert the ridiculous contention that the MWA created a new "limitless" statute of limitations. This, however, is simply wrong. The MWA is completely silent on the issue of a statute of limitations. When the Nevada legislature intends to create "no limitation," it specifically provides for "no limitation" in the text of the statute. For example, NRS 11.290 specifically states: "in actions brought to recover money or other property deposited with any bank, credit union, banker, trust company or savings and loan society, there is *no limitation*." (emphasis added). By contrast, the MWA is completely silent on the statute of limitations. Therefore, it cannot be said that the MWA's silence on the statute of limitations creates a "limitless" statute of limitation or "no limitation" for minimum wage based claims.

Additionally, the Nevada Supreme Court has held that "'it is not the business of [the] court to fill in alleged legislative omissions based on conjecture as to what the legislature would or should have done.'" *Falcke v. Douglas County*, 116 Nev. 583, 589 (2000) (Holding that a statute which did not expressly provide for a two-thirds super-majority vote by county board of commissioners did not authorize the county planning commission to require a super-majority vote for approval of

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

amendments). Thus, it would be nonsensical to assume that the MWA by not addressing the statute of limitations established no statute of limitations or a new statute of limitations for minimum wage claims.

### d. The MWA Preserved NRS 608.260 As the Applicable Statute of Limitations

Defendant further anticipates that Plaintiffs, based on an incorrect reading of *Thomas v. Nevada Yellow Cab Corp.*, 130 Nev. Adv. Op. 52, 327 P.3d 518 (2014), will attempt to assert that the passage of the MWA in November 2006 somehow repealed the two-year statute of limitations set forth in NRS 608.260. This, however, is incorrect. As Judge Tao stated in his recent order, NRS 608.260 is "not irreconcilable with the Minimum Wage Amendment, but rather [is] quite obviously intended to be complementary." *Williams et al. v. Claim Jumper*, A-14-702048, **Exhibit C at ¶14**.

Moreover, it is clear that the MWA preserved NRS 608.260 as the statute of limitations for three reasons: (1) courts have already determined that the MWA's silence on the statute of limitations shows an intent to maintain NRS 608.260's two-year statute of limitations; (2) the *Thomas* opinion affirmed that statues must be read in harmony with the MWA when reasonably possible; and (3) NRS 608.260 is not in conflict with the MWA.

     1.) <u>Courts Have Already Determined that the MWA's Silence on the Statute of Limitations Shows an Intent to Maintain the Two-Year Statute of Limitations in NRS 608.260</u>

In *Rivera v. Peri & Sons Farms, Inc.*, the United States District Court for the District of Nevada directly addressed whether NRS 608.260 remains the applicable statute of limitations after the passage of the MWA. *Rivera v. Peri & Sons Farms, Inc.*, 805 F.Supp.2d 1042 (D. Nev., 2011) aff'd in part, rev'd in part, 735 F.3d 892 (9th Cir. 2013). Specifically, in *Rivera*, the court determined that because the MWA is silent on the issue of a statute of limitations, it reflects a clear intent to not alter the existing statute of limitations. *Id.*(citing *Washington v. State*, 117 Nev. 735, 30 P.3d 1134, 1137 (2001)) ("The state [...] has a two-year statute of limitations, and Section 16 is silent on the limitation period for minimum wage actions, so the Court will not imply a repeal of section 608.260's two-year limitation period."). On review, the Ninth Circuit affirmed that "[t]he district court properly dismissed the state constitutional claims to the extent they accrued more than two

LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

7.

years before the [plaintiffs] filed suit." *Rivera*, 735 F.3d at 902.

Moreover, in *McDonagh v. Harrah's Las Vegas, Inc.*, the court again directly analyzed whether the MWA's silence as to the statute of limitations meant the two-year statute of limitations in NRS 608.260 no longer applied. *McDonagh v. Harrah's Las Vegas, Inc.*, 2014 WL 2742874 (D. Nev. June 17, 2014). The plaintiffs in *McDonagh* argued that because Article XV, §16 created a private right of action, which does not set forth a statute of limitations, the six-year statute of limitations as provided in NRS 11.190(b) applied. *Id.*, at *4. The defendant in *McDonagh*, on the other hand, cited to the two-year statute of limitations period set forth in NRS 608.260 for collection of unpaid minimum wages. *Id.* The court, relying on the fact that Article XV, §16 "is silent on whether it changes the two-year statute of limitations in the Nevada Revised Statutes," held that "the constitutional provision was not intended to change [the] two-year statute of limitations." *Id.* Thus, the plaintiffs in *McDonagh* were entitled only to a two year statute of limitations for failure to pay minimum wage in violation of the Nevada Constitution. *Id.* The court stated:

> While Article 15, Section 16 of the Nevada Constitution does create a new two-tiered minimum wage in the state, the section is silent on whether it changes the two year statute of limitation in the Nevada Revised Statutes. Therefore, the court finds that the constitutional provision was not intended to change the two year statute of limitations.

Indeed, this is the only logical interpretation of the MWA's silence on the statute of limitations. Accordingly, this Court should find the same as the courts in *Rivera* and *McDonagh*.

2.) <u>The *Thomas* Opinion Affirmed that Minimum Wage Statutes Must Be Read in Harmony With the MWA When Reasonably Possible</u>

The Nevada Supreme Court recently addressed the interplay of the MWA and Nevada's minimum wage statutory scheme in *Thomas v. Nevada Yellow Cab Corp.*, 130 Nev. Adv. Op. 52, 327 P.3d 518 (2014). In that case, at issue was whether NRS 608.250(2)'s list of statutory exceptions to the minimum wage had been impliedly repealed by the MWA. *Id.* The Court, in making its determination, held that "[t]he presumption is *against* implied repeal unless the enactment conflicts with existing law to the extent that both cannot logically coexist." *Thomas*, at 521 (emphasis added) (*citing W. Realty Co. v. City of Reno*, 63 Nev. 330, 344, 172 P.2d 158, 165 (1946)). The Nevada Supreme Court further stated that courts must construe statutes, "if reasonably possible, so as to be

8.

in harmony with the constitution." *Thomas*, at 521. (*citing State v. Glusman*, 98 Nev. 412, 419). Accordingly, the Nevada Supreme Court made clear in *Thomas* that a statute is impliedly repealed *only* when it is "irreconcilably repugnant" to a constitutional amendment and conflicts with the amendment to the extent that "both cannot logistically coexist." *Thomas*, at 521.

Therefore, in this matter, the Court must construe NRS 608.260 if reasonably possible as to be in harmony with the MWA. The only exception would be if the two statutes cannot logically coexist. That, however, is simply not the case. As previously discussed, the MWA is completely silent on the statute of limitations. Thus, to say that it cannot logically coexist with NRS 608.260 which sets forth the statute of limitations, would be completely nonsensical.

### 3.) NRS 608.260 Is Not in Conflict with the MWA

The Nevada Supreme Court's decision in *Thomas* illustrates perfectly how NRS 608.260 and the MWA are not in conflict. In *Thomas*, taxicab drivers brought a class action against a taxicab company arguing that they had not been paid pursuant to constitutional minimum wage requirements during the course of their employment. *Id.*, at 519. The taxicab drivers asserted that the MWA, by setting out some exceptions to minimum wage, supplanted the exceptions listed in NRS 608.250(2). *Id.*, at 520. Contrasting the MWA with NRS 608.250(2), the Court noted that,

> the Amendment imposes a mandatory minimum wage pertaining to all employees, who are defined for purposes of the Amendment as any persons who are employed by an employer, except for those employees under the age of 18, employees employed by nonprofits for after-school or summer work, and trainees working for no longer than 90 days. Nev. Const. art. 15, § 16(C). In contrast, NRS 608.250(2), which was enacted prior to the Minimum Wage Amendment, excludes six classes of employees from its minimum wage mandate, including taxicab drivers.

*Thomas*, at 521.

Thus, the court reasoned, because the Amendment created a "broad definition of employee and listed *very specific exemptions* necessarily and directly in conflict with the legislative exception for taxicab drivers established by NRS 608.250(2)(e)," the two are "irreconcilably repugnant," such that "both cannot stand." *Id.*, at 521 (emphasis added) (*quoting Mengelkamp v. List*, 88 Nev. 542, 545–46, 501 P.2d 1032, 1034 (1972) and *W. Realty Co.*, 63 Nev. at 344, 172 P.2d at 165). Based on this reasoning, the court ruled that NRS 608.250(2) is impliedly repealed by the MWA. *Thomas*, at 521.

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702 862 8800

9.

Accordingly, applying *Thomas* to NRS 608.260, the Court must construe NRS 608.260, if reasonably possible, as to be in harmony with the MWA. Unlike NRS 608.250(2) and the MWA which both list "very specific exemptions" to minimum wage, NRS 608.260 and the MWA address entirely different aspects of minimum wage law. The MWA establishes a two tiered minimum wage system and creates a private right of action. NRS 608.260, on the other hand, provides for the limitations period for minimum wage violation claims. The statute of limitations is not even addressed by the MWA. Therefore, unlike the statute at issue in *Thomas*, NRS 608.260 does not provide for "very specific" regulations "directly in conflict" with the MWA. *See Thomas*, at 521. As such, because NRS 608.260 does not conflict with the MWA, pursuant to the Nevada Supreme Court decision in *Thomas*, NRS 608.260 must be construed in harmony with the MWA and it remains the applicable statute of limitations.

NRS 608.260 is not in conflict with the MWA and it is the applicable statute of limitations in this lawsuit.

### B. PLAINTIFFS' CLAIMS FOR PUNITIVE DAMAGES MUST BE DISMISSED AS A MATTER OF LAW

Plaintiffs set forth in the Prayer for Relief that they are seeking "punitive and exemplary damages against the Defendant pursuant to law." **Amended Complaint, (Docket No. 6) at 14:15-16**. However, punitive damages are not available to Plaintiffs in this lawsuit as a matter of law for three reasons: (1) the MWA does not provide for punitive damages; (2) punitive damages do not apply to the agreement to pay minimum wage; and (3) unless explicitly stated otherwise, punitive and exemplary damages are only available in tort cases.

#### 1. The MWA Does Not Provide for Punitive Damages

An award of punitive damages is not a remedy available under the MWA. Rather, the MWA makes clear that the remedies available therein must be remedial in nature. The MWA states "[a]n employee claiming violation of this section . . . shall be entitled to all remedies available under the law or in equity <u>appropriate to remedy any violation of this section</u> . . ." The MWA does not provide for damages which are aimed at "punishing" the alleged wrongdoers. Indeed, the Nevada Supreme Court has established a few general principles regarding punitive damages. For instance,

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702 862 8800

10.

punitive damages <u>are not designed to compensate the victim of a tortious act</u> but rather to punish and deter oppressive, fraudulent or malicious conduct. *Turnbow v. Department of Human Resources*, 109 Nev. 493, 853 P.2d 97, 99 (1993); *Siggelkow v. Phoenix Insurance Co.*, 109 Nev. 42, 846 P.2d 303, 304 (1993); *Ace Truck and Equip. Rental, Inc. v. Kahn*, 103 Nev. 503, 746 P.2d 132, 134 (1987). Furthermore, "<u>punitive damages are not awarded as a matter of right to an injured litigant</u>, but are awarded in addition to compensatory damages as a means of punishing the tortfeasor and deterring the tortfeasor and others from engaging in similar conduct." *Siggelkow*, 846 P.2d at 304-305 (emphasis added). The underlying purpose of a punitive damage award is grounded in "public policy concerns unrelated to the compensatory entitlements of the injured party." *Id.* at 305 (*citing Kahn*, 746 P.2d at 134). These same principles prompted the Nevada Supreme Court in *Siggelkow* to reaffirm its language in *Kahn* regarding punitive damages. As the court explained:

> Punitive damages provide a means by which the community, usually through a jury, can express community outrage or distaste for the misconduct of an oppressive, fraudulent or malicious defendant and by which others may be deterred and warned that such conduct will not be tolerated. The allowance of punitive damages also provides a benefit to society by punishing undesirable conduct that is not punishable by the criminal law.

846 P.2d at 305 (*quoting Kahn*, 746 P.2d at 134). In other words, punitive damages are in no way related to making the allegedly injured party whole. The MWA explicitly limits its remedies to those which make the allegedly injured party whole. Accordingly, the MWA does not provide for punitive damages and Plaintiffs' claims for such damages must be dismissed as a matter of law.

### 2. Punitive Damages Do Not Apply to the Agreement to Pay Minimum Wage

Next, punitive damages are also not recoverable in this lawsuit because the nature of a minimum wage violation claim is based in contract and not tort. The MWA makes clear that Plaintiffs are entitled only to "remedies <u>available under the law</u> or in equity appropriate to remedy any violation" of the MWA including but not limited to "back pay, damages, reinstatement or injunctive relief." As discussed above, there is no mention of punitive damages in the MWA nor is there any indication that punitive damages were contemplated as an additional remedy without being specifically set forth in the MWA. Rather, in Nevada, under NRS 42.005, the statute that addresses when punitive damages are recoverable in Nevada, punitive damages are <u>only</u> available "in an action for the breach of an obligation not arising from contract..." Therefore, punitive damages are only

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702 862 8800

11.

available under the law in actions <u>not arising from contract</u>. In the minimum wage context, an action for minimum wage is based on an agreement between the parties to pay minimum wage, rather than ex delicto obligations arising by law. *Brewer v. Premier Golf Properties, LP*., (2008) 168 Cal. App. 4th 1243; 86 Cal. Rptr. 3d 225. In other words, when a party claims they have not been paid the minimum wage, the nature of the claim is one of contractual obligation, not of tortious injury. *Id*. Accordingly, punitive damages are not appropriate. *Id*.

California case law is instructive on this concept. Specifically, California courts have addressed whether parties may bring claims for punitive damages for violations of a minimum wage statute.[3] *Id*. For example, in *Brewer*, the court held that punitive damages claims were not recoverable for minimum wage violation claims and other wage and hour causes of action. There, the plaintiff alleged that defendant Premier Golf had violated California's minimum wage laws, as set forth in California labor codes. *Id*. A jury found in favor of the plaintiff and awarded punitive damages, on top of the statutory damages set forth in the Code. Premier Golf appealed and argued that punitive damages were not appropriate, as the action arose from rights based on an employment contract and, as such, did not support tort recoveries. *Id*. The court agreed and reversed the award. *Id*.

In reaching its decision, the court first set forth that under California law, "punitive damages are constrained generally by the restriction that they are ordinarily recoverable only in 'an action for the breach of an obligation not arising from contract' where the requisite culpable conduct is also present." *Id*. at 1251. This statutory language mirrors that of Nevada's punitive damages statute, NRS 42.005(1).[4] The court in *Brewer* continued that California labor code provisions governing minimum wages "constitute statutory obligations imposed only when the parties have entered into an employment contract and are obligations *arising from* the employment contract." The court stated: "The breach of an obligation arising out of an employment contract, even when the obligation is implied in law, permits contractual damages but does not support tort recoveries. (emphasis in

---

[3] California's punitive damages statute contains the identical language as Nevada's in that punitive damages are not recoverable from a breach of contract.

[4] In fact, NRS 42.010, enacted in 1965, intentionally tracked the punitive damages statute of California as it existed at that time. *See Countrywide Home Loans, Inc. v. Thitchener*, 192 P.3d 243 (Nev. 2008).

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

12.

original)." *Id.* at 1256. Thus, it is clear that, between an employer and employee, the obligations to pay an employee are contractual in nature and not subject to punitive damages in the event of a violation of that obligation.

Here, Plaintiffs claim that as employees of Defendant, they are entitled to payment as required under the MWA. Thereunder, an employer is required to pay an employee at least minimum wage for all hours worked, regardless of the existence of an actual contract between the parties. It follows that Plaintiffs' minimum wage claims arise under an obligation from a contract to pay employees. Accordingly, because punitive damages for claims arising under contract are not recoverable under NRS Chapter 42, Plaintiffs' claims for punitive damages must be dismissed as a matter of law.

### 3. Punitive and Exemplary Damages Are Only Available In Tort Cases

Finally, it is also well established law that, in the absence of an underlying tort, punitive damages do not lie. *See Restatement (Second) of Contracts* §355 (1979). Here, Plaintiffs' Complaint contains no tort claims or tort allegations. The underlying allegations are based on Defendant's purported failure to pay the correct minimum wage in Nevada, causing punitive damages to not be available. Indeed, only one state in the United States *expressly* allows for punitive damages in connection with wage claims, Illinois, where the legislature specifically included punitive damages to be recoverable. Most states follow the federal remedial scheme where punitive damages are not recoverable under the Fair Labor Standards Act. (*See, e.g.* American Bar Ass'n Section of Labor and Employment, Wage and Hour Laws: A State-by-State Survey (2010 & 2014 Supp.) There is no express authority in Nevada for the proposition that punitive damages can be awarded for a violation of the Minimum Wage Act, and the full weight of persuasive authority indicates the contrary.

### IV. CONCLUSION

In regard to the statute of limitations in this matter, two federal district court judges and three state court judges that have analyzed the issue have held that a two year statute of limitations applies for minimum wage violations brought under the MWA. Nevada's constitutional, statutory, and case law is clear: minimum wage violation claims are subject to a two-year statute of limitations. The passage of the Minimum Wage Amendment did not change that. NRS 608.260 clearly provides for a

LITTLER MENDELSON, P.C
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702 862 8800

two-year statute of limitations for minimum wage causes of action. Accordingly, all of Plaintiffs' claims which extend beyond the applicable two-year statute of limitations should be dismissed.

Plaintiffs' claims for punitive damages must also be dismissed as the MWA does not allow for such damages. Moreover, Plaintiffs' claims deal with breach of contractual obligations where punitive damages are not recoverable and there is no underlying tort cause of action.

Defendant respectfully requests that this Court grant their Motion for Partial Judgment on the Pleadings and issue an Order dismissing all of Plaintiffs' claims which extend beyond the applicable two-year statute of limitations and their punitive damages claims.

Dated: March 11, 2015

Respectfully submitted,

_____
RICK D. ROSKELLEY, ESQ
ROGER L. GRANDGENETT, ESQ.
KATHRYN BLAKEY, ESQ.
LITTLER MENDELSON, P.C.
Attorneys for Defendant

LITTLER MENDELSON, P.C.
Attorneys At Law
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702 862 8800

## PROOF OF SERVICE

I am a resident of the State of Nevada, over the age of eighteen years, and not a party to the within action. My business address is 3960 Howard Hughes Parkway, Suite 300, Las Vegas, Nevada, 89169. On March 11, 2015, I served the within document:

**DEFENDANT'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS PURSUANT TO FRCP 12(C)**

☒ By CM/ECF Filing – Pursuant to FRCP 5(b)(3) and LR 5-4, the above-referenced document was electronically filed and served upon the parties listed below through the Court's Case Management and Electronic Case Filing (CM/ECF) system:

Don Springmeyer, Esq.
Bradley Schrager, Esq.
Daniel Bravo, Esq.
Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP
3556 E. Russell Road, 2nd Floor
Las Vegas, NV 89120-2234

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 11, 2015, at Las Vegas, Nevada.

/s/ Debra Perkins
_____
Debra Perkins

Firmwide:131988541.1 058582.1012

15.