# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ERIN HANKS, et al.;<br><br>  Plaintiffs,<br><br>vs.<br><br>BRIAD RESTAURANT GROUP, LLC., a New Jersey limited liability company; and DOES 1 through 100, inclusive,<br><br>  Defendant. | Case No. 2:14-cv-00786-GMN-PAL<br><br>**PROPOSED ORDER FOR CERTIFICATION OF QUESTION OF LAW TO THE NEVADA SUPREME COURT** |

On September 8, 2015 Plaintiffs filed their motion for Partial Summary Judgment as to Liability asserting that they are "entitled to partial summary judgment on their first claim for relief, because Defendant could only pay the lower-tier wage if it *actually provided* (or supplied or furnished) a qualifying health plan, which they did not, but must have paid the upper-tier wage to him if they did not *actually provide* (or supply or furnish) such benefits, for any reason." *See Diaz v. MDC Restaurants, LLC*, A-14-701633-C, Eighth Judicial Dist., Dept. XVI (July 17, 2015); *Hancock v. The State of Nevada*, 14 OC 00080 1B, First Judicial Dist., Dept. II (Aug. 14, 2015).

It is Defendant's position that if an employer provides health insurance to its employees, it may pay those employees the lower-tier minimum wage and that the plain and ordinary meaning of the word "provide" is "to make available." Therefore, Defendant contends that if an employer makes health insurance available to its employees, it may pay the lower tier minimum wage. *See* NAC § 608.102 ("To qualify to pay an employee the [lower-tier] minimum wage…[t]he employer must offer a health insurance plan…[and] [t]he health insurance plan must be made available to the employee and any dependents of the employee.") (emphasis added); see also NAC §§ 608.100, 106–08.

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

This Court has previously reviewed and decided this issue in a virtually identical motion in *Tyus v. Cedar Enterprises, et. al*, Case No. 2:14-cv-00729-GMN-VCF (Doc. No. 71). In that matter, the Court denied plaintiffs' motion without prejudice with permission to renew the motion within thirty days of the resolution of the following question which the Court certified to the Nevada Supreme Court:

> *Whether an employee must actually enroll in health benefits offered by an employer before the employer may pay that employee at the lower-tier wage under the Minimum Wage Amendment, Nev. Const. art. XV, § 16.*

Additionally, the Court denied all other pending motions in that matter without prejudice with permission to re-file upon resolution of the Certified Question to the Nevada Supreme Court.

In the instant matter, the parties jointly request that the Court take similar action with respect to Plaintiffs' Partial Summary Judgment as to Liability in this case and certify the above question to the Nevada Supreme Court.

The Minimum Wage Amendment provides in pertinent part as follows:

> Each employer shall pay a wage to each employee of not less than the hourly rates set forth in this section. The rate shall be five dollars and fifteen cents ($5.15) per hour worked, if the employer provides health benefits as described herein, or six dollars and fifteen cents ($6.15) per hour if the employer does not provide such benefits. Offering health benefits within the meaning of this section shall consist of making health insurance available to the employee for the employee and the employee's dependents at a total cost to the employee for premiums of not more than 10 percent of the employee's gross taxable income from the employer.

Nev. Const. art. XV, § 16. Because Plaintiffs' claims depend on whether Defendant's offer of health benefits was sufficient to pay the lower-tier wage, a dispositive question exists as to the interpretation of "provide" in the context of the Minimum Wage Amendment. The parties agree that the sole dispositive issue before the Court is the interpretation of "provide" in the context of the Minimum Wage Amendment.

Plaintiffs argue that "provide" within the context of the Minimum Wage Amendment means to actually provide or furnish qualifying health benefits to employees. However, Defendants contend that "provide" means to offer or make qualifying health benefits available to employees.

TTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800

Pursuant to Rule 5 of the Nevada Rules of Appellate Procedure ("Rule 5"), a United States District Court may certify a question of law to the Nevada Supreme Court "upon the court's own motion." Nev. R. App. P. 5(a)-(b). Under Rule 5, the Nevada Supreme Court has the power to answer such a question that "may be determinative of the cause then pending in the certifying court and . . . it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court of this state." Nev. R. App. P. 5(a). In this case, the Court is sitting in diversity jurisdiction; thus Nevada substantive law controls. Moreover, the parties fail to cite and the Court has not found any controlling decisions from the Nevada Supreme Court that interprets "provide" in the context of the Minimum Wage Amendment. Accordingly, under Rule 5, answering this certified question is within the power of the Nevada Supreme Court.

Rule 5 also provides that a certification order must specifically address each of six requirements:

(1) The questions of law to be answered;

(2) A statement of all facts relevant to the questions certified;

(3) The nature of the controversy in which the questions arose;

(4) A designation of the party or parties who will be the appellant(s) and the party or parties who will be the respondent(s) in the Supreme Court;

(5) The names and addresses of counsel for the appellant and respondent; and

(6) Any other matters that the certifying court deems relevant to a determination of the questions certified.

Nev. R. App. P. 5(c). The relevant facts are set forth above. Thus, the Court addresses only the remaining five requirements below.

The parties disagree as to whether "provide" in the context of the Minimum Wage Amendment means that an employer's offer of health benefits is sufficient to pay the lower wage rate under the Minimum Wage Amendment. In support of his argument, Plaintiff has brought to the Court's attention two recent state district court decisions in support of his position. *See Diaz v. MDC Restaurants, LLC*, A-14-701633-C, Eighth Judicial Dist., Dept. XVI (July 17, 2015); *Hancock v. The State of Nevada*, 14 OC 00080 1B, First Judicial Dist., Dept. II (Aug. 14, 2015). On the other hand, Defendants cite various regulations enacted by the Labor Commissioner to support their

TTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

3.

position, which clarify and implement the Minimum Wage Amendment. *See* NAC § 608.102 ("To qualify to pay an employee the [lower-tier] minimum wage…[t]he employer must offer a health insurance plan…[and] [t]he health insurance plan must be made available to the employee and any dependents of the employee.") (emphasis added); see also NAC §§ 608.100, 106–08.

Accordingly,

**IT IS ORDERED** that the following question of law is **CERTIFIED** to the Nevada Supreme Court pursuant to Rule 5 of the Nevada Rules of Appellate Procedure:

*Whether an employee must actually enroll in health benefits offered by an employer before the employer may pay that employee at the lower-tier wage under the Minimum Wage Amendment, Nev. Const. art. XV, § 16.*

*See* Nev. R. App. P. 5(c)(1). The nature of the controversy and a statement of facts are discussed above. See Nev. R. App. P. 5(c)(2)–(3). Because Plaintiff Hanks is the movant, Hanks is designated as the Appellant, and Defendants are designated as the Respondents. *See* Nev. R. App. P. 5(c)(4). The names and addresses of counsel are as follows:

**Counsel for Plaintiff**

Bradley Scott Schrager, Daniel Bravo, and Don Springmeyer
Wold, Rifkin, Shapiro, Schulman & Rabkin, LLP
3556 E. Russell Road, 2nd Floor

**Counsel for Defendants**

Rick D. Roskelley, Roger L. Grandgenett, Montgomery Y. Paek, and Kathryn Blakey
Littler Mendelson, PC
3960 Howard Hughes Parkway, Suite 300
Las Vegas, NV 89169

*See* Nev. R. App. P. 5(c)(5). Further elaboration upon the certified question is included in this Order.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall forward a copy of this Order to the Clerk of the Nevada Supreme Court under the official seal of the United States District Court

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV 89169-5937
702.862.8800

4.

for the District of Nevada. See Nev. R. App. P. 5(d).

Dated: September 15, 2015

_____
Gloria M. Navarro, Chief Judge
United States District Court

Respectfully submitted,                              Respectfully submitted,

 /s/ Bradley Schrager, Esq.                           /s/ Kathryn B. Blakey, Esq.
DON SPRINGMEYER, ESQ.                       RICK D. ROSKELLEY, ESQ.
BRADLEY SCHRAGER, ESQ.                   ROGER L. GRANDGENETT II, ESQ.
DANIEL BRAVO, ESQ.                              MONTGOMERY Y. PAEK, ESQ.
WOLF, RIFKIN, SHAPIRO,                         KATHRYN B. BLAKEY, ESQ.
SCHULMAN & RABKIN, LLP                    LITTLER MENDELSON, P.C.

Attorneys for Plaintiffs                                  Attorneys for Defendant

Firmwide:135782717.1 058582.1012
9/8/15 3:42 PM

LITTLER MENDELSON, P.C.
ATTORNEYS AT LAW
3960 Howard Hughes Parkway
Suite 300
Las Vegas, NV  89169-5937
702.862.8800