**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ERIN HANKS, *et al.*,

Plaintiffs,

vs.

BRIAD RESTAURANT GROUP, L.L.C.,

Defendant.

Case No.: 2:14-cv-00786-GMN-PAL

**ORDER**

Pending before the Court are the Motion for Rule 54(b) Certification (ECF No. 101) and the Motion to Amend Order (ECF No. 94) filed by named Plaintiffs Erin Hanks, Deatra Enari, Jeffrey Anderson, Toby Earl, Shyheem Smith, Robert Baker, James Skadowski, and Michelle Pickthall's (collectively, "Plaintiffs"). Defendant Briad Restaurant Group, L.L.C. filed Responses opposing both the Motion for Rule 54(b) Certification as well as the Motion to Amend Order. (ECF Nos. 108, 103). Plaintiffs filed respective Replies. (ECF Nos. 113, 111).

Also pending before the Court are Defendant's Motion to Compel (ECF No. 104) and Motion to Dismiss Plaintiff Shyheem Smith (ECF No. 110). Plaintiff Shyheem Smith filed a Response (ECF No. 116), and Defendant filed a Reply (ECF No. 120).

For the reasons discussed below, Plaintiffs' Motion for Rule 54(b) Certification and Motion to Amend Order are **DENIED**, and Defendant's Motion to Compel and Motion to Dismiss are **GRANTED**.

## I. BACKGROUND

This case arises out of alleged violations of an amendment to the Nevada Constitution setting certain minimum wage requirements for employers (the "Minimum Wage Amendment"). Plaintiffs are employees of the restaurant chain TGI Friday's and work at

several of the chain's various locations throughout Nevada. (Am. Compl. ¶ 1, ECF No. 6). Plaintiffs allege that this action "is a result of [Defendant's] failure to pay Plaintiffs and other similarly-situated employees who are members of the Class the lawful minimum wage, because [Defendant] improperly claimed eligibility to compensate employees at a reduced minimum wage rate under Nev. Const. art. XV, § 16." (*Id.* ¶ 2).[1]

Plaintiffs filed the instant action in this Court on May 19, 2014 on behalf of themselves and a purported class of Defendant's current and former employees. (*See* Compl., ECF No. 1). Defendant subsequently filed their First Motion to Compel, seeking to compel four of the eight named plaintiffs (collectively, the "Arbitration Plaintiffs")[2] to arbitrate their claims pursuant to a four-page Employment At-Will and Arbitration Agreement ("Arbitration Agreement") signed by each of the Arbitration Plaintiffs. (First Mot. to Compel 1:21–2:5, ECF No. 42). Defendant then filed a Motion for Partial Judgment on the Pleadings, which sought to limit Plaintiffs' claims to a two-year statute of limitations period. (Mot. for J. 2:1–3:3, ECF No. 74). The Court's Order of July 27, 2015 granted both of Defendant's motions and dismissed the Arbitration Plaintiffs "to arbitrate their claims against Defendant." (Order 9:8–10, ECF No. 93).

The Arbitration Plaintiffs have not, however, pursued arbitration. Instead, the Arbitration Plaintiffs have filed a Motion for Rule 54(b) Certification (ECF No. 101) asking the Court to certify its ruling compelling arbitration for interlocutory appeal. In addition, Plaintiffs

---

[1] The Nevada Constitution provides in pertinent part:

> Each employer shall pay a wage to each employee of not less than the hourly rates set forth in this section. The rate shall be five dollars and fifteen cents ($5.15) per hour worked, if the employer provides health benefits as described herein, or six dollars and fifteen cents ($6.15) per hour if the employer does not provide such benefits. Offering health benefits within the meaning of this section shall consist of making health insurance available to the employee for the employee and the employee's dependents at a total cost to the employee for premiums of not more than 10 percent of the employee's gross taxable income from the employer. These rates of wages shall be adjusted by the amount of increases in the federal minimum wage over $5.15 per hour, or, if greater, by the cumulative increase in the cost of living.

Nev. Const. art. XV, § 16.

[2] The Arbitration Plaintiffs are Deatra Enari, Toby Earl, James Skadowski, and Michelle Pickthall.

have filed a Motion to Amend Order (ECF No. 94) asking the Court to certify its ruling applying a two-year statute of limitations for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Defendant subsequently filed its Second Motion to Compel (ECF No. 104) and Motion to Dismiss (ECF No. 110), seeking to compel Plaintiff Shyheem Smith ("Smith") to arbitrate his claims pursuant to "the same" Arbitration Agreement signed by the Arbitration Plaintiffs. (Resp. to Second Mot. to Compel 2:6–7, ECF No. 116).

On September 15, 2015, the Court granted a temporary stay of the case pending resolution of a certified question to the Nevada Supreme Court. (Order, ECF No. 118). Specifically excluded from the stay were the presently pending Motion for Certification (ECF No. 101), Motion to Compel (ECF No. 104), and Motion to Amend Order (ECF No. 94). (*Id.*).

## II. LEGAL STANDARDS

### A. Motion for Rule 54(b) Certification

In cases with multiple claims and multiple parties, the district court may enter final judgment against some, but not all, of the claims or parties when the court determines that there is no just reason for delay. Fed. R. Civ. P. 54(b). In deciding whether to certify an order under Rule 54(b), the district court must determine (1) that the Order is a "final judgment," and (2) whether there is a just reason to delay appeal. *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7–8 (1980). "Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." *Morrison–Knudsen Co. v. J.D. Archer*, 655 F.2d 962, 965 (9th Cir. 1981).

**B. Motion to Amend Order to Include Certification for Interlocutory Appeal on Issue of the Limitation on Plaintiffs' Claims**

Federal district courts certify orders for interlocutory appeal only when exceptional circumstances exist. *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982) (citing *U.S. Rubber Co., v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966) ("[28 U.S.C. § 1292(b)] was not intended merely to provide review of difficult rulings in hard cases.")). Even when exceptional circumstances exist, the petitioner must also satisfy three criteria before a district court will certify an order for interlocutory appeal. *See* 28 U.S.C. § 1292(b). The requirements are: "(1) that there be a controlling question of law, (2) that there be substantial grounds for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation." *In re Cement*, 673 F.2d at 1026. A controlling question of law is one that, if resolved on appeal, would materially affect the outcome of the litigation in district court. *Id.*

**C. Motion to Compel Arbitration and Motion to Dismiss Plaintiff Shyheem Smith**

Section 2 of the Federal Arbitration Act ("FAA") provides that:

> A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2. "In enacting § 2 of the federal Act, Congress declared a national policy favoring arbitration and withdrew the power of the states to require a judicial forum for the resolution of claims which the contracting parties agreed to resolve by arbitration." *Southland Corp. v. Keating*, 465 U.S. 1, 10 (1984). Courts shall place arbitration agreements "upon the same footing as other contracts." *Volt Info. Sciences, Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 478 (1989).

Under the FAA, parties to an arbitration agreement may seek an order from the Court to compel arbitration. 9 U.S.C. § 4. The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985). Thus, the Court's "role under the Act is . . . limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Lee v. Intelius, Inc.*, 737 F.3d 1254, 1261 (9th Cir. 2013) (quoting *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000)). If a district court decides that an arbitration agreement is valid and enforceable, then it should either stay or dismiss the claims subject to arbitration. *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1276–77 (9th Cir. 2006).

Similarly, Nevada law also recognizes that "strong public policy favors arbitration because arbitration generally avoids the higher costs and longer time periods associated with traditional litigation." *D.R. Horton v. Green*, 96 P.3d 1159, 1162 (Nev. 2002). Nevada has adopted the Uniform Arbitration Act (the "UAA"). *See generally* Nev. Rev. Stat. §38.206–.248. Under the UAA, "the court shall proceed summarily to decide the issue and order the parties to arbitrate unless it finds there is no enforceable agreement to arbitrate." Nev. Rev. Stat. § 38.221(1)(b). Arbitration agreements are "valid, enforceable and irrevocable except as otherwise provided in NRS 597.995 or upon a ground that exists at law or in equity for the revocation of a contract." Nev. Rev. Stat. § 38.219. Accordingly, like the FAA, the Court's role under the UAA is limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue. *See* Nev. Rev. Stat. § 38.221(1)(b) ("[T]he court *shall* proceed summarily to decide the issue and order the parties to arbitrate unless it finds there is no enforceable agreement to arbitrate.") (emphasis added).

## III. DISCUSSION

### A. Motion for Rule 54(b) Certification

Plaintiffs assert that the Court's dismissal of the Arbitration Plaintiffs was a final judgment, and Defendant does not dispute this point. Indeed, the Court's determination that the Arbitration Plaintiffs must arbitrate their claims against Defendant, together with the Court's dismissal of the Arbitration Plaintiffs, is an ultimate decision on a cognizable claim for relief. *See Curtiss-Wright*, 446 U.S. at 7; *Interactive Flight Techs., Inc. v. Swissair Swiss Air Transp. Co.*, 249 F.3d 1177, 1179 (9th Cir. 2001). Consequently, the only dispute relates to whether there is a just reason for delay.

With respect to just reason for delay, "a similarity of legal or factual issues will weigh heavily against entry of judgment" and an order of judgment "will be proper only where necessary to avoid a harsh and unjust result." *Morrison–Knudsen Co.*, 655 F.2d at 965. To determine whether a just reason for delay exists, courts consider the following factors: (1) whether certification will result in unnecessary appellate review; (2) whether the claims finally adjudicated were separate, distinct, and independent of any of the other claims or counterclaims involved; (3) whether review of the adjudicated claims would not be mooted by any future developments in the case; and (4) whether the nature of the claims was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals. *Id.* (citing *Curtiss–Wright Corp.*, 446 U.S. at 5–6).

In this case, certification would result in unnecessary appellate review, thus making Rule 54(b) certification unwarranted. In support of certification, Plaintiffs merely repeat their arguments already rejected by the Court based on binding Ninth Circuit precedent that "the [Minimum Wage] Amendment's plain language disallows any waiver of the Amendment's provisions." (Reply to Mot. to Cert. 2:24–25, ECF No. 113). However, "[t]here is nothing unique or distinguishing about [Plaintiffs'] theories." *Wood v. GCC Bend, LLC*, 422 F.3d 873,

879, 879 (9th Cir. 2005). Indeed, Plaintiffs have not cited any new authority demonstrating a disagreement in this circuit regarding "[w]hether the [Minimum Wage] Amendment proscribes arbitration . . . and whether that proscription is preempted by the FAA" that would suggest immediate appellate review is necessary. (Reply to Mot. to Cert. 2:19–21). Plaintiffs have therefore failed to present a "seriously important reason" to overcome "the interests of judicial administration [that] counsel against certifying claims." *Wood*, 422 F.3d at 883.

Further, the similarity of factual issues and likelihood of piecemeal appeals renders certification inappropriate. While the arbitration issue is separate from Plaintiff's claims under the Minimum Wage Amendment, the underlying factual allegations apply equally to both issues. Consequently, any subsequent appeal of "this case would inevitably come back to [the Ninth Circuit] on the same set of facts." *Id.* at 879 ("We particularly scrutinize a district judge's rule 54(b) certification to prevent piecemeal appeals in cases which should be reviewed only as single units.") (citations omitted). Moreover, if the Arbitration Plaintiffs were allowed to proceed with an appeal as to the arbitration issue, and a separate appeal followed as to future unnamed class members who also have arbitration agreements, the Ninth Circuit could be required to decide the same or similar issues more than once. Conversely, the Court finds no harsh or unjust result should the Arbitration Plaintiffs be required to wait until the disposition of this action to appeal the Court's Order compelling arbitration. Therefore, the Court denies Plaintiff's request for certification under Rule 54(b).

**B. Motion to Amend Order to Include Certification for Interlocutory Appeal on Issue of the Limitation on Plaintiffs' Claims**

Plaintiffs' Motion to Amend asks the Court to certify for interlocutory appeal the following issue pursuant to § 1292(b): "Whether claims for violation of Nev. Const. art. XV, § 16, are subject to a two-year limitation?" (Mot. to Am. Order 3:4–5, ECF No. 94). Plaintiffs advance two reasons the Court should grant the motion: (1) whether claims for violations of the

Minimum Wage Amendment are subject to a two-year statute of limitations is a debatable and controlling question of law; and (2) an interlocutory appeal would materially advance the ultimate termination of this litigation in federal court "by resolving now a question that shapes Plaintiffs' and the putative Class's potential claims and recovery." (*Id.* 3:7–4:22).

However, because the Nevada Supreme Court is set to decide the exact issue Plaintiffs seek to certify, an immediate appeal would not materially advance the litigation. On October 6, 2015, the Nevada Supreme Court sitting en banc heard oral arguments in *Williams v. Eighth Judicial District Court*, Nevada Supreme Court, Case No. 66629. The issues in that case are identical to the issue Plaintiffs seek to certify to the Ninth Circuit, namely: (1) whether the statute of limitations issue warrants review before a final judgment; and (2) whether a two-year statute of limitation applies. (Resp. to Mot. to Am. 4:10–13, ECF No. 103). Accordingly, the Court concludes that immediate certification would not materially advance termination of this litigation, but would simply shuffle the procedural deck.

**C. Motion to Compel Arbitration and Motion to Dismiss Plaintiff Shyheem Smith**

In its Motion to Compel, Defendant asserts that like the Arbitration Plaintiffs, Smith signed a valid Arbitration Agreement requiring his dismissal from this case to arbitrate his claims. (Second Mot. to Compel 1:19–2:4, ECF No. 104). The Court previously granted an identical Motion to Compel in its July 27, 2015 Order. (Order, ECF No. 93). Smith admits that "[t]he substance of the arbitration agreement purportedly signed by Smith is the same as those signed by the Arbitration Plaintiffs." (Resp. to Second Mot. to Compel 2:6–7, ECF No. 116). As a result, "Smith's arguments in opposition[ to the present Motion to Compel] are . . . the same as the arguments in the previous round of briefing." (*Id.* 2:8–9). Because Smith fails to raise any new argument suggesting that the Court's Order granting Defendant's First Motion to Compel was in error, the Court grants the instant Motion to Compel for the same reasons

discussed in its July 27, 2015 Order. *See, e.g.*, *Thomas v. Bible*, 983 F.2d 152, 155 (9th Cir. 1993) (noting that the "law of the case" doctrine precludes courts from reconsidering an issue that has already been decided unless "substantially different" evidence exists).

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Amend Order (ECF No. 94) and Motion for Rule 54(b) Certification (ECF No. 101) are **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Compel (ECF No. 104) and Motion to Dismiss (ECF No. 110) are **GRANTED**. Plaintiff Shyheem Smith is dismissed from this action and ordered to arbitrate his claims in accordance with his version of the Arbitration Agreement.

**IT IS FURTHER ORDERED** that, in light of the Court's Order (ECF No. 118) granting a temporary stay of the case pending resolution of the Court's Certified Question by the Nevada Supreme Court, the presently pending Motion to Disqualify (ECF No. 106), Motion for Summary Judgment (ECF No. 107), and Motion for Partial Summary Judgment (ECF No. 114) are **DENIED without prejudice**.

**DATED** this 7 day of March, 2016.

Gloria M. Navarro, Chief Judge
United States District Judge