# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ERIN HANKS, *et al.*,<br><br>              Plaintiffs,<br>vs.<br><br>BRIAD RESTAURANT GROUP, LLC,<br><br>              Defendant. | 2:14-cv-00786-GMN-PAL |
| TOBY EARL, *et al.*,<br><br>              Plaintiffs,<br>vs.<br><br>BRIAD RESTAURANT GROUP, LLC,<br><br>              Defendant. | 2:16-cv-02217-GMN-PAL |

**ORDER**

Before the Court is the Motion to Consolidate filed by Defendant Briad Restaurant Group, LLC ("Defendant") in Case Nos. 2:14-cv-00786-GMN-PAL (the "*Hanks* case") and 2:16-cv-02217-GMN-PAL (the "*Earl* case").[1] Plaintiffs[2] in both cases have opposed the Motions, which are fully briefed. For the reasons discussed below, the Court **DENIES** Defendant's Motions.

---

[1] The Motions are docketed as ECF No. 126 in the *Hanks* case and ECF No. 12 in the *Earl* case.

[2] In the *Hanks* case, the named Plaintiffs are Erin Hanks, Jeffrey Anderson, and Robert Baker. In the *Earl* case, the named Plaintiffs are Toby Earl, Shyheem Smith, Deatra Enari, Michelle Pickthall, and James Skadowski.

## I. BACKGROUND

This dispute arises out of alleged violations of an amendment to the Nevada Constitution setting certain minimum wage requirements for employers known as the Minimum Wage Amendment ("MWA"). Plaintiffs are current and former employees of various TGI Friday's restaurant chain locations throughout Nevada. On May 19, 2014, Plaintiffs initiated the *Hanks* case allegedly as "a result of [Defendant's] failure to pay Plaintiffs and other similarly-situated employees who are members of the Class the lawful minimum wage, because [Defendant] improperly claimed eligibility to compensate employees at a reduced minimum wage rate under Nev. Const. art. XV, § 16." (Am. Compl. ¶ 1, *Hanks* case, ECF No. 6).

On July 27, 2015, the Court dismissed five Plaintiffs from the *Hanks* action who were parties to various arbitration agreements and ordered them to arbitrate their MWA claims against Defendant. (Order, *Hanks* case, ECF No. 93). On September 20, 2016, the dismissed *Hanks* Plaintiffs initiated the *Earl* action, "seeking an order from this Court declaring provisions in Defendant's arbitration agreements that purport to prohibit class or representative actions, even in arbitration proceedings, are invalid pursuant to National Labor Relations Act." (Compl. ¶ 1, *Earl* case, ECF No. 1). The *Earl* Plaintiffs allege that they intend to file a class arbitration, but that the American Arbitration Association requires a court order declaring such provisions invalid before accepting any class arbitration claims. (*Id.* ¶¶ 10, 12).

Defendants filed this Motion in both cases, seeking to consolidate the cases. For the reasons discussed below, the Court DENIES the motion.

## II. LEGAL STANDARD

Rule 42(a) of the Federal Rules of Civil Procedure governs motions to consolidate. It provides:

> If actions before the court involve a common question of law or fact, the court may join for hearing or trial any or all matters at issue in the

actions, consolidate the actions, or issue any other order to avoid
unnecessary cost or delay.

Fed. R. Civ. P. 42(a).

When deciding whether to consolidate cases, the threshold question for the court to answer is whether the actions involve common questions of law or fact. *See id.* If the court determines that common questions are present, it must then balance the savings of time and effort that consolidation will produce against any inconvenience, delay, confusion, or prejudice that may result. *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984). Finally, whether actions should be consolidated under Rule 42(a) is a matter committed to the trial court's discretion. *Inv'rs Research Co. v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*, 877 F.2d 777 (9th Cir. 1989).

## III. ANALYSIS

Although these two cases originate from essentially the same set of facts, in the Court's view both the parties and claims are not sufficiently similar to merit consolidation. Indeed, while Plaintiffs in both cases dispute whether Defendant complied with the MWA, only the *Hanks* Plaintiffs' MWA claims will be determined before this Court. The MWA claims raised by the *Earl* Plaintiffs will be heard by an arbitrator. Furthermore, these cases are at completely different stages of pretrial litigation. The *Hanks* case was commenced almost five years ago, and the *Earl* case was filed at the end of last year. Consolidation would therefore only cause further delay and waste judicial resources. Finally, Defendant in the *Earl* case argues that a stay of that case is appropriate in light of the Supreme Court's decision to grant petitions for writ of certiorari in what Defendant claims are cases implicating dispositive issues. Thus, if the cases were consolidated, it is possible that the Court would then be required to enter a stay as to certain Plaintiffs but proceed as to others. Plaintiffs in each case should therefore be allowed to pursue their separate claims independently of the distinct issues raised in the other case.

/ / /

/ / /

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motions to Consolidate, ECF No. 126 in Case No. 2:14-cv-00786-GMN-PAL, and ECF No. 12 in Case No. 2:16-cv-02217-GMN-PAL, are **DENIED**.

**DATED** this __1__ day of May, 2017.

_____
GLORIA M. NAVARRO, Chief Judge
United States District Court