**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ERIN HANKS, *et al.*,      ) | |
|         ) | |
|         Plaintiffs,    ) | Case No.: 2:14-cv-00786-GMN-PAL |
|     vs.        ) | |
|         ) | **ORDER** |
| BRIAD RESTAURANT GROUP, L.L.C.,   ) | |
|         ) | |
|         Defendant.    ) | |
|         ) | |

Pending before the Court is the Joint Motion for Certification of Question of Law to the Nevada Supreme Court, (ECF No. 130), filed by Plaintiffs Erin Hanks, Jeffrey Anderson, and Robert Baker (collectively "Plaintiffs"), and Defendant Briad Restaurant Group, LLC ("Defendant"). For the reasons discussed below, the Court **DENIES** the Joint Motion.

## I.    BACKGROUND

This case arises out of alleged violations of an amendment to the Nevada Constitution setting certain minimum wage requirements for employers (the "Minimum Wage Amendment"). Plaintiffs are employees of the restaurant chain TGI Friday's and work at several of the chain's various locations throughout Nevada. (Am. Compl. ¶ 1, ECF No. 6). Plaintiffs allege that this action "is a result of [Defendant's] failure to pay Plaintiffs and other similarly-situated employees who are members of the Class the lawful minimum wage, because [Defendant] improperly claimed eligibility to compensate employees at a reduced minimum wage rate under Nev. Const. art. XV, § 16." (*Id.* ¶ 2).[1]

---

[1] The Nevada Constitution provides in pertinent part:

> Each employer shall pay a wage to each employee of not less than the hourly rates set forth in this section. The rate shall be five dollars and fifteen cents ($5.15) per hour worked, if the employer provides health benefits as described herein, or six dollars and fifteen cents ($6.15) per

On September 15, 2015, the Court granted a temporary stay of the case pending resolution of a certified question to the Nevada Supreme Court, denying with leave to refile the parties' Motions for Summary Judgment. (Orders, ECF Nos. 118, 123). On October 27, 2016, the Nevada Supreme Court answered the certified question. *See MDC Rests., LLC v. Eighth Judicial Dist. Court of State in & for County of Clark*, 383 P.3d 262, 265 (Nev. 2016). In light of this ruling, Plaintiffs filed a Renewed Motion to Certify Class, (ECF No. 127), on December 15, 2016, and Defendants filed a Renewed Motion for Summary Judgment, (ECF No. 128), the next day. Shortly thereafter, the parties filed the instant Joint Motion for Certification of a Question of Law, (ECF No. 130), asking the Court to certify an additional question to the Nevada Supreme Court:

> What constitutes "health benefits" offered by an employer for purposes of paying below the upper-tier minimum hourly wage rate under Nev. Const. art XV, sec 16(A)?

(Joint Mot. for Certification of Question of Law ("Joint Mot.") 3:27–28, ECF No. 130).

The parties also filed a Stipulation and Order for Temporary Stay of Briefing Deadlines ("Stipulation"). (*See* ECF No. 132). In the Stipulation, the parties ask the Court for a temporary stay on briefing deadlines until determination of their Joint Motion. (*Id.* 1:27–2:2). If the Court denies the Stipulation, the parties request that "the Court extend the time in which Plaintiffs may respond to Defendants' Renewed Motion for Summary Judgment." (*Id.* 2:3–5). The Court did not issue ruling on the Stipulation, and the parties have not filed any subsequent briefing.

---

hour if the employer does not provide such benefits. Offering health benefits within the meaning of this section shall consist of making health insurance available to the employee for the employee and the employee's dependents at a total cost to the employee for premiums of not more than 10 percent of the employee's gross taxable income from the employer. These rates of wages shall be adjusted by the amount of increases in the federal minimum wage over $5.15 per hour, or, if greater, by the cumulative increase in the cost of living.

Nev. Const. art. XV, § 16.

## II. DISCUSSION

### A. Joint Motion to Certify Question

Pursuant to Nevada Rule of Appellate Procedure 5, the Nevada Supreme Court may answer questions of law certified to it by a United States District Court upon the certifying court's request:

> if there are involved in any proceeding before those courts questions of law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the supreme court of this state.

Nev. R. App. P. 5(a); *see also Volvo Cars of N. Am., Inc. v. Ricci*, 137 P.3d 1161, 1163–64 (Nev. 2006). A certifying court may invoke Rule 5 upon its own motion or upon the motion of any party. Nev. R. App. P. 5(b).

Whether to certify a question to the state's highest court lies within the federal court's discretion. *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974). Factors a federal court should consider in exercising this discretion include whether the state law question presents a significant question of important state public policy, whether the issue involved has broad application, whether law from other states is instructive, the state court's case load, and comity and federalism concerns. *Kremen v. Cohen*, 325 F.3d 1035, 1037–38 (9th Cir. 2003); *see also Boucher v. Shaw*, 483 F.3d 613, 616 (9th Cir. 2007).

The Court, in its discretion, finds no compelling reason to certify here. The Nevada Supreme Court recently issued controlling authority on the parties' question pursuant to its decision in *Western Cab Company v. Eighth Judicial District Ct. of State in and for County of Clark*, 390 P.3d 662 (Nev. 2017) ("The MWA defines 'health benefits' as 'making health insurance available to the employee for the employee and the employee's dependents at a total cost to the employee for premiums of not more than 10 percent of the employee's gross taxable

1   income from the employer.'"). As such, sending the same issue to the Nevada Supreme Court

2   for resolution would waste both the parties' and the judicial systems' time, energy, and

3   resources. Accordingly, the Court denies the Joint Motion for Certification of Question of Law

4   to the Nevada Supreme Court.

5       **B.      Stipulation to Stay or, in the Alternative, Extend Time**

6       The Court did not enter judgment as to the parties' Stipulation and, rather than file

7   responses pursuant to the set deadlines, the parties instead chose not to file their responses as if

8   the Stipulation was granted. Because the Court declined to issue judgment on the Stipulation, it

9   effectively denied the parties' Stipulation. *See* L.R. 7-1(b) ("No stipulations relating to

10  proceedings before the court . . . are effective until approved by the court."). In the future, the

11  parties must follow the set filing deadlines when no order on a stipulation issues prior to date of

12  the deadlines. (*See id.*).

13      However, because the Court has denied the Joint Motion for Certification, the parties

14  have essentially received the relief sought. As such, pursuant to Local Rule 7-2(b), Plaintiffs

15  shall have twenty-one days from the issuance of this Order to file their response to the

16  Renewed Motion for Summary Judgment, and Defendant shall have fourteen days to respond to

17  the Renewed Motion for Class Certification. The parties' failure to follow these deadlines will

18  result in the Court considering the pending Motions as unopposed.

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

**III.    CONCLUSION**

      **IT IS HEREBY ORDERED** that the Joint Motion for Certification of Question of Law to the Nevada Supreme Court, (ECF No. 130), is **DENIED**.

      **IT IS FURTHER ORDERED** that the Stipulation and Order for Temporary Stay of Briefing Deadlines, (ECF No. 132), is **GRANTED in part** and **DENIED in part**.  Plaintiffs shall have twenty-one days from the issuance of this Order to file their response to Defendant's Renewed Motion for Summary Judgment, and Defendant shall have fourteen days from the issuance of this Order to file its response to Plaintiffs' Renewed Motion to Certify Class.

      **DATED** this ____1____ day of May, 2017.

_____

Gloria M. Navarro, Chief Judge
United States District Judge