BRADLEY SCHRAGER, ESQ. (SBN 10217)
DANIEL BRAVO, ESQ. (SBN 13078)
**WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP**
3773 Howard Hughes Parkway, Suite 590 South
Las Vegas, Nevada 89169
Tel.: (702) 341-5200 / Fax: (702) 341-5300
Email: bschrager@wrslawyers.com
Email: dbravo@wrslawyers.com

*Attorneys for Plaintiff Jeffrey Andersen and the Class*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JEFFREY ANDERSEN, an individual, on behalf of himself and all similarly-situated individuals,<br><br>Plaintiff,<br><br>vs.<br><br>BRIAD RESTAURANT GROUP, LLC; and DOES 1 through 100, Inclusive,<br><br>Defendant. | Case No: 2:14-cv-00786-GMN-BNW<br><br>**JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

Plaintiff JEFFREY ANDERSEN ("Plaintiff") and Defendant BRIAD RESTAURANT GROUP, LLC ("Defendant," and together with Plaintiff, the "Parties"), by and through their respective counsel of record, hereby move this Court for entry of an Order pursuant to Fed. R. Civ. Proc. 23(e) granting:

1. Preliminarily approval of the proposed settlement of this lawsuit;

2. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, certification of the following Settlement Class defined as:

> All current and former Nevada non-exempt employees of Defendant paid less than $8.25 per hour at any time on and between May 19, 2012 and January 6, 2020 but were not provided with qualifying health benefits pursuant to Nev. Const. art. XV, sec. 16, excluding those employees who executed arbitration agreements unless the employee was employed with Defendant before May 19, 2014, and did not execute an arbitration agreement until after May 19, 2014, and excluding the individuals who have opted-out of this class action.

3. Continued appointment of Plaintiff Jeffrey Andersen as Class Representative;

4. Continued appointment of Bradley Schrager and Daniel Bravo of Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP, as Class Counsel;

5. Continued appointment of Simpluris, Inc., as the third-party settlement administrator for mailing notices and otherwise administering the settlement;

6. Approval of the proposed Notice of Class Action Settlement, and that it be disseminated to the proposed Settlement Class as provided in the Settlement Agreement; and

7. The scheduling a final fairness hearing to consider final approval of the Settlement Agreement, entry of a proposed final judgment, Class Counsel's Motion for Reasonable Attorneys' Fees and Costs, and the Class Representative Service Award;

This Motion on the Memorandum of Points and Authorities herein, the declaration of Bradley Schrager, Esq., and the exhibits attached thereto, the pleadings and other papers filed in this action, and on any further oral or documentary evidence or argument presented at the time of hearing.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

2

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

This lawsuit is a certified class action brought by a former employee of Defendant. Defendant owned and operated approximately eight (8) TGI Friday's Restaurants in Nevada (hereinafter, the "Restaurants"). Plaintiff is a former employee of Defendant, and Plaintiff alleges that Defendant did not pay the proper minimum wage rate set pursuant to the Nevada Constitution, which states:

> Each employer shall pay a wage to each employee of not less than the hourly rates set forth in this section. The rate shall be five dollars and fifteen cents ($5.15) per hour worked, if the employer provides health benefits as described herein, or six dollars and fifteen cents ($6.15) per hour if the employer does not provide such benefits.

Nev. Const. art. XV, § 16(A).[1] Defendant denies the allegations made in the lawsuit.

On May 21, 2021, the Parties participated, via a Zoom video conference, in a full day of mediation with renowned and well-respected mediator Steven J. Rottman, Esq.[2] During the mediation, each party, vigorously represented by its respective counsel, recognized the risk of a variety of potential adverse results in this action, including the extensive costs of continued litigation and the uncertainties of trial and potential appeals. As a result of good-faith and arm's-length negotiations between the Parties, the Parties have arrived at a mutually agreeable settlement agreement. A true and correct copy of the Settlement Agreement is attached to the Declaration of Bradley Schrager ("Schrager Decl."), which is concurrently filed with this Motion, as Exhibit 1.

Through this Motion, the Parties respectfully requests that this Court preliminarily

---

[1]   The Minimum Wage Amendment is subject to an indexing mechanism, and the state minimum wage rate, which interacts with the federal minimum wage rate, has increased over time. *See* Nev. Const. art. XV, § 16(A). During the relevant time period for this action, the upper-tier minimum wage rate is $8.25 per hour, and the lower-tier rate minimum wage rate is $7.25 per hour.

[2]   *See* https://steverottman.com/ (last accessed July 19, 2021).

approve this non-reversionary, class action settlement, in which Defendant agrees to pay Five Hundred Fifty Thousand Dollars ($550,000.00), inclusive of all settlement payments to Class Members eligible for settlement payments; Plaintiff's Class Representative Payment; Class Counsel's Fees Payment and Litigation Expenses Payment; and the Settlement Administrator's Fees Payment.

The Parties also move the Court to direct the mailing of the proposed Notice of Class Action Settlement, which sets forth the procedure and timing for the submission of a Claim Form by Settlement Class members to receive a settlement share, and sets forth the procedure and timing for Settlement Class members to comment on, object to, or opt-out of the settlement. A true and correct copy of the proposed Notice of Class Action Settlement is attached to the Settlement Agreement as Exhibit A. *See* Schrager Decl., Ex. 1, Ex. A. A true and correct copy of the proposed Claim Form is attached to the Settlement Agreement as Exhibit B. *See* Schrager Decl., Ex. 1, Ex. B.

While the Parties believe the proposed settlement merits final approval, the Court is merely being asked at this juncture to preliminarily approve the settlement to permit notice of the terms of the proposed settlement to be provided to the Settlement Class, and to schedule a final approval hearing to consider any views by class members of the fairness of the proposed settlement.

Given the nature of the dispute and the uncertainties inherent in any class action litigation, the proposed settlement eliminates the risk that the action would be dismissed without any benefit or relief to the class. Moreover, as discussed herein, the proposed settlement is well within the range of possible approval in that its terms are fair, reasonable, and adequate, and in the best interests of the Settlement Class. Accordingly, the Parties submit that the Court should grant the proposed order attached to the declaration of Bradley Schrager. A true and correct copy of the Parties' proposed Order is attached to the Schrager Declaration as Exhibit 2. *See* Schrager Decl., Ex. 2.

## II.      PROCEDURAL HISTORY

On May 19, 2014, Plaintiff Erin Hanks initiated this action by filing a class action complaint against Defendant. ECF No. 1. On May 23, 2014, Plaintiff filed the first amended class action complaint, naming Deatra Enari, Jeffrey Andersen, Toby Earl, Shyheem Smith, Robert Baker, James Skadowski, and Michelle Pickthall as additional Plaintiffs. ECF No. 6.

Defendant moved to compel arbitration for five of the named Plaintiffs, which the Court granted. ECF No. 42; ECF No. 93; ECF No. 104; ECF No. 123. A sixth named Plaintiff was dismissed from the case for non-participation, while a seventh settled her individual claims with Defendant and dismissed her claim. ECF No. 159; ECF No. 170. Plaintiff Jeffrey Andersen is the remaining named Plaintiff in this case.

On December 16, 2016, Defendant filed a motion for summary judgment, seeking summary judgment on Plaintiff Andersen's only cause of action—alleged violation of the Minimum Wage Amendment. ECF No. 128.

On September 29, 2017, the Court granted Defendant's motion for summary judgment, denied as moot Plaintiff's motion for class certification, and ordered the Clerk of the Court to enter judgment in favor of Defendant and against Plaintiff Andersen. On March 2, 2018, Plaintiff Andersen timely filed a Notice of Appeal. ECF No. 153.

On June 25, 2018, after the Nevada Supreme Court's opinion in *MDC Restaurants LLC v. District Court*, 134 Nev. 315, 419 P.3d 148 ("*MDC*"), the United States Court of Appeals for the Ninth Circuit issued an order vacating and remanding the District Court's September 29, 2017 judgment. ECF 173; ECF No. 175.

Shortly after remand, on September 21, 2018, Plaintiff Andersen filed a renewed motion for class certification, and Defendant filed a renewed motion for summary judgment regarding a purely legal issue: whether the *MDC* decision applies retroactively. ECF No. 179; ECF No. 181.

/ / /

/ / /

/ / /

On September 26, 2019, the Court denied Defendant's renewed motion for summary judgment, granted Plaintiff's renewed motion for class certification, and certified the following Class:

> All current and former employees of Defendant at its Nevada locations who were paid less than $8.25 per hour at any time since May 19, 2012, but were not provided with qualifying health benefits pursuant to Nev. Const. art. XV, sec. 16, excluding those employees who executed arbitration agreements.

ECF No. 193. Thereafter, Plaintiff filed a motion seeking to modify that definition, and on January 13, 2020, the Court modified the class definition as:

> All current and former employees of Defendant at its Nevada locations who were paid less than $8.25 per hour at any time since May 19, 2012, but were not provided with qualifying health benefits pursuant to Nev. Const. art. XV, sec. 16, excluding those employees who executed arbitration agreements unless the employee was employed with Defendant before May 19, 2014, and did not execute an arbitration agreement until after May 19, 2014.

ECF No. 197; ECF No 207.

A third-party administrator, Simpluris, Inc., mailed a Court-approved class action notice and exclusion form to the Class; after the conclusion of the opt-out period, one class member opted-out of the Class. Schrager Decl., at ¶ 6. There are 1,224 Class members in this action. Schrager Decl., at ¶ 6.

Phase II discovery (liability and damages) closed on August 5, 2020. Schrager Decl., at ¶ 5. On September 4, 2020, Plaintiff filed a motion for summary judgment. ECF No. 214.

On May 21, 2021, the Parties participated in a full day of mediation with mediator Steven J. Rottman, Esq., and a mutually-agreeable settlement was achieved. Schrager Decl., at ¶ 7.

On July 28, 2021, the Parties submitted a notice of settlement and a stipulation to stay the case pending conclusion of the settlement. ECF No. 222; ECF No. 224. On August 4, 2021, the Court granted the Parties' stipulation. ECF No. 225.

**III.      OVERVIEW OF THE PROPOSED SETTLEMENT**

As a direct result of the litigation of this action, and the May 21, 2021, mediation with Steven J. Rottman, Esq., the Parties reached a proposed settlement. The complete terms of the

settlement are set forth in the Settlement Agreement. *See* Schrager Decl., Ex. 1. The terms and conditions of the Settlement Agreement are incorporated as if fully set forth herein.

### A.     The Settlement Class

For purposes of settlement only, the Settlement Class is defined in the Settlement Agreement as: All current and former Nevada non-exempt employees of Defendant paid less than $8.25 per hour at any time on and between May 19, 2012 and January 6, 2020 but were not provided with qualifying health benefits pursuant to Nev. Const. art. XV, sec. 16, excluding those employees who executed arbitration agreements unless the employee was employed with Defendant before May 19, 2014, and did not execute an arbitration agreement until after May 19, 2014, and excluding the individuals who have opted-out of this class action. *See* Schrager Decl., Ex. 1. The Settlement Class definition is the same as previously certified by this Court with the exception of excluding the individuals who previously opted-out of the certified Case after receiving the Court-approved notice. *See* ECF No. 207; ECF No. 209.

### B.     Settlement Amount

Defendant has agreed to pay Five Hundred Fifty Thousand Dollars ($550,000.00) ("Settlement Amount") on behalf of the Settlement Class for, *inter alia*, a complete specific release of the claims of Plaintiff and members of the Settlement Class who do not exclude themselves from the settlement. *See* Schrager Decl., Ex. 1. The Settlement Amount is inclusive of all settlement payments to Class Members eligible for settlement payments; Plaintiff's Class Representative Payment; Class Counsel's Fees Payment and Litigation Expenses Payment; and the Settlement Administrator's Fees Payment. Significantly, the Settlement Amount is non-reversionary, and it will be paid out to members of the Settlement Class that submit a valid Claim Form. *Id*. Each Participating Settlement Class member will receive a pro rata share of the monetary relief based on his/her hours worked during the Class Period. *Id*. Based on the 1,244 Settlement Class members, and assuming each member submits a Claim Form, the average settlement share is approximately $265.27. Schrager Decl., at ¶ 15.

/ / /

### C.        Class Counsel's Fees and Litigation Expenses

Subject to Court approval, and pursuant to the fee-shifting provision of the Minimum Wage Amendment, Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP ("Class Counsel") will petition the Court for a request for attorney's fees and litigation expenses not to exceed Two Hundred Thousand Dollars ($200,000.00). *See* Nev. Const. art. XV, § 16(B) ("An employee who prevails in any action to enforce this section shall be awarded his or her reasonable attorney's fees and costs."); *see also* Schrager Decl., Ex. 1.

### D.        Plaintiff's Representative Payments

Subject to Court approval, Class Counsel will petition the Court to award Plaintiff a class representative or service award in an amount not to exceed Five Thousand Five Hundred Dollars ($5,000.00). *See* Schrager Decl., Ex. 1. The service award is in recognition of the fact that Plaintiff made critically important contributions to the prosecution of this case that has resulted in the substantial recovery being secured for the Settlement Class.

### E.        Settlement Administrator's Fees and Expenses

Subject to Court approval, Class Counsel will petition the Court to award settlement administration fees and expense to a third-party settlement administrator in a total amount not to exceed Fifteen Thousand Dollars ($15,000.00). *See* Schrager Decl., Ex. 1. Subject to Court approval, Simpluris, Inc. ("Simpluris") shall be appointed the third-party settlement administrator that will administer the notice process, distribute the proposed Notice of Class Action Settlement to the Settlement Class, and distribute settlement payments. *Id*. Simpluris disseminated the Court approved Class Action Notice on October 22, 2020. Schrager Decl., at ¶ 6.

### F.        Notice, Submitting a Claim, and Right To Opt-Out Or Object

The Settlement Agreement provides that upon this Court's granting preliminary approval of the proposed settlement, the Court-designated Settlement Administrator shall mail the Notice of Class Action Settlement (*see* Schrager Decl., Ex. 1, Ex. A) to members of the Settlement Class. *See* Schrager Decl., Ex. 1.

Settlement Class members will have sixty (60) calendar days from the mailing of the Notice of Class Action Settlement to submit a Claim Form, opt-out or object to the settlement, thereby providing ample time to review the notice without unduly delaying the settlement. The proposed Notice of Class Action Settlement sets forth the manner in which members of the Settlement Class may submit a Claim Form or opt-out of the settlement. Settlement Class members who do not opt-out of the settlement will be bound by its terms and will release all claims against Defendant included within the settlement. The proposed Notice of Class Action Settlement sets forth the manner in which members of the Settlement Class may seek to oppose the proposed Settlement Agreement and appear in this lawsuit. *Id.*

## G.   Release

In exchange for the consideration provided for in the Settlement Agreement, the Plaintiff and the Settlement Class agree to release, upon final approval, any and all claims against Defendant and the Released Parties (as defined in the Settlement Agreement),[3] known or unknown, that arise from or relate to their employment, including but not limited to all claims asserted in this action and all claims that could have been asserted in the action. This release does not include any workers' compensation claims or any claims that may not be released under applicable law. *See* Schrager Decl., Ex. 1.

## IV.   LEGAL ARGUMENT

### A.   The Court Should Grant Preliminary Approval Of The Proposed Class Action Settlement

The settlement reached is "fair, reasonable, and adequate" under Rule 23(e). *See* Fed. R. Civ. Proc. 23(e)(2); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998) (stating that

---

[3] The Settlement Agreement defines the "Released Parties" as "Defendant and any present and former parents, subsidiaries, and affiliated companies or entities, and their respective officers, directors, employees, partners, shareholders, insurers and agents, and any other successors, assigns, and legal representatives." *See* Schrager Decl., Ex. 1.

Rule 23(e) requires the trial court to determine "whether a proposed settlement is fundamentally fair, adequate, and reasonable"). The Court's role in evaluating a proposed settlement is limited to ensuring that the agreement taken as a whole is fair and is not the product of fraud or collusion between the negotiating parties. *See e.g., Hanlon*, 150 F.3d at 1027. There is a strong judicial preference for pre-trial settlement of complex class actions as settlement of class actions is favored as a matter of "strong judicial policy." *See Officers for Justice v. Civil Serv. Comm'n of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982).

Judicial approval of a class action settlement entails a two-step process: (1) a preliminary review by the Court; and (2) a final review after notice has been distributed to the class members for their comment or objections. *See In re Am. Apparel, Inc. S'holder Litig.*, No. CV1006352MMMJCGX, 2014 WL 10212865, at * 5 (C.D. Cal. July 28, 2014); *see also True v. American Honda Motor Co.*, 749 F. Supp. 2d 1052, 1063 (C.D. Cal. 2010) ("At preliminary approval stage, a court determines whether a proposed settlement is within the range of possible approval and whether or not notice should be sent to class members."). Preliminary approval is appropriate if "the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1079 (N.D. Cal. 2007) (citing Manual for Complex Litigation, Second § 30.44 (1985)). Each of these factors is met in this Settlement.

### 1. Factors To Be Considered In Granting Preliminary Approval

"Although Rule 23(e) is silent respecting the standard by which a proposed settlement is to be evaluated, the 'universally applied standard is whether the settlement is fundamentally fair, adequate and reasonable.'" *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992) (quoting *Officers for Justice*, 688 F.2d at 625). The court "may consider some or all of the following factors" in its analysis of a proposed class action settlement:

> [1] the strength of plaintiffs' case; [2] the risk, expense, complexity, and likely duration of further litigation; [3] the risk of maintaining class action status

throughout the trial; [4] the amount offered in settlement; [5] the extent of discovery completed, and the stage of the proceedings; [6] the experience and views of counsel; [7] the presence of a governmental participant; and [8] the reaction of the class members to the proposed settlement.

*Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 963 (9th Cir. 2009). In this respect, "[t]he strength of the findings made by a judge at a preliminary hearing or conference concerning a tentative settlement proposal may vary." Alba Conte & Herbert B. Newberg, *Newberg on Class Actions*, § 11.26 (4th ed. 2002). As such, "[t]he court may find that the settlement proposal contains some merit, is within the range of reasonableness required for a settlement offer, or is presumptively valid subject only to any objections that may be raised at a final hearing." *Id.*

In short, "[i]f the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval, then the court should direct that the notice be given to the class members of a formal fairness hearing." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d at 1079*see also Collins v. Cargill Meat Solutions Corp.*, 274 F.R.D. 294, 301-02 (E.D. Cal. 2011).

In applying these factors, the Court should give a presumption of fairness to arm's-length settlements reached by experienced counsel. *Rodriguez v. West Publishing Corp.*, *supra*, 563 F.3d at 965 ("We put a good deal of stock in the product of an arms-length, non-collusive, negotiated resolution."). Here, although the Court is not required at this time to make a final determination as to the fairness of the proposed settlement, the Parties submit that a consideration of these criteria and the standards governing class action settlements demonstrate that the proposed settlement is clearly "within the range of possible approval," that the proposed settlement was achieved through arm's-length negotiations at mediation, and that preliminary approval is proper.

### (a)   The settlement is the product of serious, informed, and non-collusive negotiations at a mediation

An evaluation of the benefits of the settlement must be tempered by the recognition that

11

any compromise involves concessions on the part of the settling parties. Indeed, "the very essence of a settlement is compromise, a yielding of absolutes and an abandoning of highest hopes." *Officers for Justice*, 688 F.2d at 624 (internal quotations and citations omitted). "The parties … save themselves the time, expense, and inevitable risk of litigation. Naturally, the agreement reached normally embodies a compromise; in exchange for the saving of cost and elimination of risk, the parties each give up something that they might have won had they proceeded with litigation." *Id*. (quoting *United States v. Armour & Co.*, 402 U.S. 673, 681-82 (1971)). With regard to class action settlements, the opinions of counsel should be given considerable weight both because of counsel's familiarity with the particular litigation and previous class action litigation experience. *See Officers for Justice*, 688 F.2d at 625.

This settlement was a result of serious, informed, non-collusive negotiations with the assistance of a private mediator. In this action, the Parties exchanged initial disclosures, written discovery, and Plaintiff took depositions of the Defendant's Rule 30(b)(6) witness and Defendant's expert witness. Schrager Decl., at ¶ 10. In response to written discovery, Defendant produced time records and wage data. Plaintiff retained an expert consultant, David M. Breshears, CPA/CFF, a partner at Hemming Morse, LLP, CPAs, Forensic and Financial Consultants, to analyze the payroll data and time records produced by Defendant to calculate the potential exposure for Defendant. *Id*. This discovery allowed the Parties to assess the merits and value of Plaintiff's claims and defenses thereto, if a settlement could not be reached. *Id*.

On May 21, 2021, the Parties participated in a full day of mediation with mediator Steven J. Rottman, Esq.[4] *Id*. During mediation, the Parties vigorously debated their opposing legal positions, and the legal basis for the claims and defenses. The Parties agreed in principle on a class-wide resolution, and the Parties finalized the terms of settlement and executed the

---

[4]  The Court may, in its discretion, contact Mr. Rottman to discuss the settlement and whether or not the settlement is fair and reasonable.

Settlement Agreement this month. The Parties have concluded that it is desirable that this action be settled in the manner and upon the terms and conditions set forth in the Settlement Agreement to avoid the expense and burden of further legal proceedings, and the uncertainties of trial and appeals.

Thus, this proposed Settlement is entitled to an initial presumption of fairness as it is the result of factual investigation and data analysis; the exchange of substantial information and class data, including timekeeping and payroll records; arm's length negotiations by counsel; and mediation before an experienced wage and hour class action mediator. *See* Schrager Decl.; *See In re First Capital Holdings Corp. Financial Products*, Case No. MDL No. 901, 1992 WL 226321, at \*2 (C.D. Cal. June 10, 1992). Further, there are no deficiencies in the settlement. The settlement does not grant preferential treatment to the class representative or segments of the class, and is within the range of possible approval, is discussed in detail below.

Based upon their familiarity with the factual and legal issues of this litigation, counsel for the Parties were ultimately able to negotiate a fair settlement based upon the benefits to the Settlement Class, the costs and risks of trial, and the desire for a resolution by compromise rather than prolonged, costly, and uncertain litigation. Accordingly, there is likewise every reason to conclude that settlement negotiations were vigorously conducted at arms' length and without any suggestion of undue influence.

**(b)     The settlement does not improperly grant preferential treatment to Plaintiff or members of the Settlement Class**

Settlement Class Members are treated equitably under the terms of the Settlement Agreement. Under the Agreement, each participating Settlement Class member is being treated equitably–a pro rata share of the monetary relief based on his/her hours worked during the Class Period. The settlement permits the Plaintiff to seek a representative payment or "service award." Awarding the class representative such compensation is well within a court's sound discretion. *See Thornton v. E. Texas Motor Freight*, 497 F.2d 416, 420 (6th Cir. 1974) ("We also think there is something to be said for rewarding those drivers who protest and help to bring rights to a

group of employees who have been the victims of discrimination."). "A class representative is entitled to some compensation for the expense he or she incurred on behalf of the class lest individuals find insufficient inducement to lend their names and services to the class action." *In re Oracle Sec. Litig.*, No. C-90-0931-VRW, 1994 WL 502054, at *1 (N.D. Cal. June 18, 1994).

Here, as part of the Settlement Agreement, Plaintiff will separately apply for the service award at the time of seeking final approval of the proposed class action settlement in the amount of Five Thousand Dollars ($5,000.00) for his individual service to the Settlement Class. *See* Schrager Decl., Ex. 1. As will be fully briefed at the time of final approval, Plaintiff's requested service award is intended to recognize the time and effort Plaintiff expended on behalf of the Settlement Class, including providing substantial factual information and documents to Class Counsel, attending multiple in-person and telephonic meetings with Class Counsel, answering written discovery and being deposed by Defendant's counsel, as well as the significant risk Plaintiff undertook by agreeing to serve as the named plaintiff (including the unwanted notoriety of attaching his name to a public filing against a previous employer), and the fact that Plaintiff has agreed to the specific release of all claims.

Accordingly, the Parties submit that the proposed settlement does not improperly grant preferential treatment to the Plaintiff nor members of the Settlement Class.

### (c)       The settlement has no obvious deficiencies and falls within the range for approval

The proposed settlement is well within the range of possible approval. Plaintiff and members of the Settlement Class that submit a valid Claim Form will receive exactly what they sought by way of this lawsuit, namely, back pay for hours worked that were allegedly underpaid.

Using the payroll data and time records produced by Defendant, Plaintiff's expert calculated minimum wage underpayments of approximately $1,316,894 to the certified Class. *See* Schrager Decl., at ¶ 9. The Settlement Amount represents approximately 42% of the forecasted recovery for the certified Class. *Id*., at ¶ 16. The Settlement Amount is a reasonable outcome given that Defendant is no longer operation in Nevada, and considering Defendant was

in a strained financial situation, there were risks that continued litigation might lead to circumstances in which Plaintiff and the Class would be unable to recover any substantial monetary judgment. Schrager Decl., at ¶ 16. The Parties had reasonable concerns that the Defendant's financial condition could worsen during the course of further litigation such that it might not be able to fund an amount larger than the Settlement Amount. *Id*. If the concerns about Defendant's ability to pay materialized, the Settlement Class might have been unable to recover any amount. *Id*. Plaintiff is fully aware that this settlement amount is less than he would want as a figure to resolve this action on behalf of the Class, but seeing that the financial circumstances of Defendant have deteriorated so much over the seven-years plus of this litigation, with no guarantee of any recovery at all by the Class, he determines that the settlement is appropriate. *Id*.

Given the risk of failure to prevail on the merits, the proposed settlement falls well within the realm of being fair, reasonable, and adequate. *See e.g., Altamirano v. Shaw Industries, Inc*, No. 13-CV-00939-HSG, 2015 WL 4512372, at *9 (N.D. Cal. 2015) (preliminarily approving wage and hour class action settlement, stating, "[a]lthough 15% represents a modest fraction of the hypothetical maximum recovery estimated by Plaintiff, that figure is sufficient for the Court to grant preliminary approval given the merits of Plaintiff's claims."). Preliminary approval is appropriate as the settlement will provide tangible monetary relief to the Settlement Class members.

In sum, given the complexities of this six-year old case, the legal issues, the risks of continued litigation, Defendant's ability to pay, along with the uncertainties of proof and appeal, the proposed settlement in Plaintiff's and Class Counsel's view is well within the range of possible approval and has no obvious deficiencies. The proposed settlement will provide significant relief to the Plaintiff and the Settlement Class.

### (d)     Class Counsel's fees and litigation expenses are reasonable

Here, as part of the Settlement Agreement, Class Counsel will seek to recover an amount of attorneys' fees and costs not to exceed Two Hundred Thousand Dollars ($200,000.00) if approved by the Court. Pursuant to the fee-shifting provision of the Minimum Wage

Amendment, Plaintiff should be awarded "reasonable attorney's fees and costs." *See* Nev. Const. art. XV, § 16(B) ("An employee who prevails in any action to enforce this section shall be awarded his or her reasonable attorney's fees and costs.").

As will be fully briefed at the time of final approval, Class Counsel submit that the requested fee is fair compensation for undertaking complex, risky, expensive, and time-consuming litigation on a purely contingent fee basis. Schrager Decl., at ¶ X. Class Counsel has incurred substantial attorney fees conducting pre-filing investigation, analyzing Plaintiff's claims, meeting clients, conducting legal research, reviewing Defendant's documents and policies, analyzing Class Members' timekeeping data and payroll records, taking depositions, preparing for and attending mediation, negotiating and preparing the Settlement Agreement, preparing this Motion, and otherwise litigating the case. Schrager Decl., at ¶ 17. Class Counsel expects to expend additional future attorney time in attending the hearing on this Motion, overseeing the notice process and fielding questions from the Settlement Class, preparing the final approval papers and attending the Final Approval hearing. *Id*. Should the Court grant preliminary approval, Class Counsel will seek an award of attorneys' fees and verified litigation costs at the time of seeking final approval of the settlement, which will include a lodestar analysis.

Accordingly, the Parties request that this Court preliminary approve of the proposed settlement. All members of the Settlement Class will receive the same opportunity to participate in and receive a settlement payment. Clearly the goal of this litigation, to seek redress for the Settlement Class, will be met upon final approval of this settlement. The Parties respectfully request that this Court take the initial steps in this process by granting preliminary approval of the proposed settlement.

**B.      The Proposed Notice To The Settlement Class Warrants Approval**

Before the final approval hearing, the Court requires adequate notice of the settlement be given to all class members. *See* Fed. R. Civ. Proc. 23(e)(1). Notice is satisfactory if it "generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to

16

investigate and to come forward and be heard." *Churchill Village, L.L.C. v. General Electric*, 361 F.3d 566, 575 (9th Cir. 2004).

This Court should order distribution of the proposed Notice of Class Action Settlement by first class mail, postage prepaid, using the last known mailing address information provided by Defendant. This manner of giving notice is the "best notice practicable" under the circumstances because it provides "individual notice to all members who can be identified through reasonable effort." *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974).

Here, the Parties propose that the settlement be administered by Simpluris, Inc., an experienced class action settlement administrator that administered the first opt-out notice earlier this year. Settlement Class members' addresses will be ascertainable through Defendant's records, which Defendant provided to Simpluris, and Simpluris has up-to-date information. To the extent that any notices are returned, Simpluris will perform a "skip trace" to track any Settlement Class member's current mailing address.

The proposed Notice of Class Action Settlement advises the Settlement Class members of the nature of the claims, basic contentions and denials of the Parties, the key terms of the settlement, a sixty-day deadline to submit a claim, opt-out, or object to the settlement and the procedure by which to do so, explains the recovery formula, and advises them that they will be bound by the terms of the settlement if they do not request exclusion. *See* Schrager Decl., Ex. 1, Ex. A. The proposed Notice of Class Action Settlement will also notify Settlement Class members of the final approval hearing date, provide the contact information for Class Counsel, and advise Settlement Class members that they may enter an appearance through counsel if they wish to. *Id*.

///

///

///

///

///

## V.    CONCLUSION

For the foregoing reasons, the Parties respectfully request that the Court preliminarily approve the proposed settlement, and enter the proposed order submitted concurrently herewith.

Respectfully submitted this 3rd day of September, 2021,

| WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP | LITTLER MENDELSON, P.C. |
|---|---|
| By: _____/s/ Daniel Bravo_____ | By: _____/s/ Rick D. Roskelley_____ |
| BRADLEY SCHRAGER, ESQ. (SBN 10217) | RICK D. ROSKELLEY, ESQ. (SBN 3192) |
| DANIEL BRAVO, ESQ. (SBN 13078) | MONTGOMERY Y. PAEK, ESQ. (SBN 10176) |
| 3773 Howard Hughes Parkway | NEIL C. BAKER, ESQ. (SBN 14476) |
| Suite 590 South | 3960 Howard Hughes Parkway, Suite 300 |
| Las Vegas, Nevada 89169 | Las Vegas, Nevada 89169-5937 |
| Tel.: (702) 341-5200 / Fax: (702) 341-5300 | Tel.: (702) 862-8800 / Fax: (702) 862-8811 |
| Email: bschrager@wrslawyers.com | Email: rroskelley@littler.com |
| Email: dbravo@wrslawyers.com | Email: mpaek@littler.com |
| | Email: nbaker@littler.com |
| *Attorneys for Plaintiff Jeffrey Andersen and the Class* | *Attorneys for Defendant Briad Restaurant Group, LLC* |

18

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of September 2021, a true and correct copy of **JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** was served via the United States District Court CM/ECF system on all parties or persons requiring notice.

By:   */s/ E. Noemy Valdez*

Ercilia Noemy Valdez, an Employee of
WOLF, RIFKIN, SHAPIRO, SCHULMAN &
RABKIN, LLP