# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

JEFFREY ANDERSEN an individual, on
behalf of himself and all similarly situated
individuals,

           Plaintiff,

   vs.

BRIAD RESTAURANT GROUP, LLC,

           Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 2:14-cv-00786-GMN-BNW

**ORDER**

Pending before the Court is the Joint Motion for Preliminary Approval of Class Action Settlement, (ECF No. 226), jointly filed by Plaintiff Jeffrey Andersen ("Plaintiff") and Defendant Briad Restaurant Group, LLC ("Defendant").

For the reasons discussed herein, the parties' Joint Motion for Preliminary Approval of Class Action Settlement is **GRANTED**.

## I.   BACKGROUND

This case arises out of Defendant's alleged failure to pay the proper minimum wage pursuant to Nevada's Minimum Wage Amendment, Nev. Const. art. XV, § 16 (the "MWA"). During all relevant times, Defendant owned and operated approximately eight (8) TGI Friday's Restaurants in Nevada. (Am. Compl. ¶ 1, ECF No. 6); (Joint Mot. Prelim. Approval Class Action Settlement ("Joint Mot.") 3:3–5, ECF No. 226).  Plaintiff alleges that this action "is a result of [Defendant's] failure to pay Plaintiff and other similarly-situated employees who are members of the Class the lawful minimum wage, because [Defendant has] improperly claimed

eligibility to compensate employees at a reduced minimum wage rate under [the MWA]." (Am. Compl. ¶ 2).

For example, Plaintiff alleges that he worked at a TGI Friday's Restaurant owned and operated by Defendant, where he earned $7.25 per hour, below the constitutional minimum wage under the MWA. (*Id.* ¶ 36). Moreover, Defendant offered Plaintiff the company health insurance plan, but Plaintiff declined insurance coverage. (*Id.* ¶¶ 37–38). As a result, Plaintiff alleges that Defendant "does not provide, offer, and/or maintain qualifying health insurance plan benefits for the benefit of Plaintiff and members of the Class," and therefore, "Defendant is not, and has not been, eligible to pay Plaintiff and members of the Class at the reduced minimum wage rate." (*Id.* ¶¶ 12–13; 39).

Plaintiff filed the instant Class Action Complaint against Defendant, alleging three causes of action: (1) violation of Nev. Const. art. XV, § 16; (2) violation of Nev. Const. art. XV, § 16 and NAC 608.102; and (3) violation of Nev. Const. art. XV, § 16 and NAC 608.104. (Am. Compl. ¶¶ 72–83). On February 24, 2015, the Court dismissed Plaintiff's second and third claims for relief with prejudice. (*See* Order 14:2–6, ECF No. 68). The Court then certified the following question to the Nevada Supreme Court: "whether an employee must actually enroll in health benefits offered by an employer before the employer may pay that employee at the lower-tier wage under the [MWA]." (Order, ECF No. 119). In *MDC Restaurants, LLC v. Eighth Judicial District Court*, ("*MDC I*"), the Nevada Supreme Court answered that question, holding that "under the MWA, health benefits need only be offered or made available for the employer to pay the lower-tier wage." 383 P.3d 262, 266 (Nev. 2016).

On December 16, 2016, Defendant filed its Motion for Summary Judgment on Plaintiff's only remaining cause of action—violation of the MWA—on the grounds that "Plaintiff was paid at least $7.25 per hour" and that Plaintiff "was offered health insurance by Defendant." (Mot. Summ. J. ("MSJ") 1:20–26, ECF No. 128). The Court granted Defendant's Motion for

Summary Judgment and denied Plaintiff's Motion to Certify Class as moot. (Order, ECF No. 153).  The Clerk of Court was instructed to enter judgment in favor of Defendant. (Clerk's J., ECF No. 154).

Plaintiff appealed the Court's decision, (ECF No. 161), and during the appeal's pendency, the Nevada Supreme Court issued its decision in *MDC Rests., LLC v. Eighth Jud. Dist. Court*, 419 P.3d 148, 148 (Nev. 2018) ("*MDC II*").  In *MDC II*, the Nevada Supreme Court addressed "whether there is some minimum quality or substance of health insurance that an employer must provide for the employer to pay the lower-tier minimum wage under the MWA." *See MDC II*, 419 P.3d at 154.  Declining to stray from the "simple meaning found within the text and purpose of the MWA," the Nevada Supreme Court held:

> [A]n employer is qualified to pay the lower-tier minimum wage to an employee if the employer offers a benefit to the employee in the form of health insurance of a value greater than or equal to the wage of an additional dollar per hour, and covers "the employee and the employee's dependents at a total cost to the employee for premiums of not more than 10 percent of the employee's gross taxable income from the employer." Nev. Const. art. 15, § 16.  An employer who pays the lower-tier minimum wage will have the burden of showing that it provided the employee with a benefit in the form of health insurance equal to a value of at least an additional dollar per hour in wages.  If an employer cannot offer such insurance to an employee, the employer must pay the employee the upper-tier minimum wage.

*Id.* at 155–56.  In light of this holding, the Ninth Circuit remanded this case for reconsideration. (Order of USCA, ECF No. 172).

The Court subsequently granted Plaintiff's Motion to Certify Class, defining the class as:

> All current and former employees of Defendant at its Nevada locations who were paid less than $8.25 per hour at any time since May 19, 2012, but were not provided with qualifying health benefits pursuant to Nev. Const. art. XV, sec. 16., excluding those employees who executed the arbitration agreements unless the employee was employed with Defendant before May 19, 2014, and did not execute an arbitration agreement until after May 19, 2014.

(Mot. Certify Class 4:13–17, ECF No. 179); (Order 12:14–13:7, ECF No. 207).[1]  On July 28, 2021, Plaintiff and Defendant reached a Settlement Agreement after arms-length negotiations and subsequently submitted the instant Joint Motion for Preliminary Approval of Class Action Settlement. (*See* Notice of Settlement, ECF No. 222); (Joint Mot., ECF No. 136).  Under the proposed settlement, Defendant agrees to pay the following:

> $550,000.00 ("Settlement Amount") on behalf of the Settlement Cass for, *inter alia*, a complete specific release of the claims of Plaintiff and members of the Settlement Class who do not exclude themselves from the settlement.

(Joint Mot. 7:15–18).  In exchange, Plaintiff, on behalf of the Settlement Class, agrees to dismiss the underlying case and release Defendant from any and all claims arising from or relating to his employment, except for any "workers' compensation claims or any claims that may not be released under applicable law." (*Id.* 9:11–17).

## II.   <u>LEGAL STANDARD</u>

The Ninth Circuit has declared that a strong judicial policy favors settlement of class actions. *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992).  However, a class action may not be settled without court approval. Fed. R. Civ. P. 23(e).  When the parties to a putative class action reach a settlement agreement prior to class certification, "courts must peruse the proposed compromise to ratify both the propriety of the certification and the fairness of the settlement." *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003).  At the preliminary stage, the court must first assess whether a class exists. *Id.* (citing *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 620 (1997)).  Second, the court must determine whether the proposed settlement "is fundamentally fair, adequate, and reasonable." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).  If the court preliminarily certifies the class and finds the

---

[1] The Court originally certified a shorter version of the class definition, (*see* Order 20:3–7, ECF No. 193), but subsequently modified it to the current definition at Plaintiff's request. (*See* Mot. Regarding Composition of the Certified Class, ECF No. 197); (Order 12:14–13:7, ECF No. 207).

proposed settlement fair to its members, the court schedules a fairness hearing where it will make a final determination as to the fairness of the class settlement.  Third, the court must "direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1).

## III.   DISCUSSION

The instant Motion seeks preliminary approval of the parties' proposed settlement and requests that the Court schedule a final fairness hearing. (Joint Mot. 1:19–2:10).  The parties assert that the proposed settlement is fair, adequate, and reasonable. (*Id.* 9:21–22). Additionally, the parties claim that the proposed method of class notice is appropriate. (*Id.* 16:25–17:22).  The Court first analyzes whether the proposed settlement is reasonable, before turning to the appropriateness of the proposed notice.

### A. Fairness, Reasonableness, and Adequacy of Proposed Settlement

Courts have long recognized that "settlement class actions present unique due process concerns for absent class members." *Hanlon*, 150 F.3d at 1026.  One inherent risk is that class counsel may collude with the defendants, "tacitly reducing the overall settlement in return for a high attorney's fee." *Knisley v. Network Assocs., Inc.*, 312 F.3d 1123, 1125 (9th Cir. 2002); *see Evans v. Jeff D.*, 475 U.S. 717, 733 (1986).

To guard against this potential for class action abuse, Rule 23(e) requires court approval of all class action settlements, which may be granted only after a fairness hearing and a determination that the settlement taken as a whole is fair, reasonable, and adequate. Fed. R. Civ. P. 23(e)(2); *see Staton*, 327 F.3d at 972 n.22 (noting that the court's role is to police the "inherent tensions among class representation, defendant's interests in minimizing the cost of the total settlement package, and class counsel's interest in fees"); *Hanlon*, 150 F.3d at 1026 ("It is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness.").

The factors in a court's fairness assessment will naturally vary from case to case, but courts in the Ninth Circuit generally must weigh the *Churchill* factors:

> (1) the strength of the plaintiff's case; (2) the risk, expense, complexity and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members of the proposed settlement.

*In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011) (quoting *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004)).

### i.   Strength of Plaintiff's Case and Risk of Further Litigation

With respect to the first two *Churchill* factors, the Court must weigh the "strength of [the plaintiffs'] case relative to the risks of continued litigation." *Lane v. Facebook, Inc.*, 696 F.3d 811, 823 (9th Cir. 2012). Approval of a class settlement is appropriate in cases in which "there are significant barriers plaintiffs must overcome in making their case." *Chun-Hoon v. McKee Foods Corp.*, 716 F. Supp. 2d 848, 851 (N.D. Cal. 2010). Similarly, difficulties and risks in litigating weigh in favor of approving a class settlement. *See Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 966 (9th Cir. 2009).

Here, Plaintiff contends that "[g]iven the nature of the dispute and the uncertainties inherent in any class action litigation, the proposed settlement eliminates the risk that the action would be dismissed without any benefit or relief to the class." (Joint Mot. 4:19–21). Plaintiff asserts that this six-year-old case presents various complexities, including the legal issues, potential offsets, and uncertainties of proof and appeal. (*Id.* 15:19–22). Given these complexities, Plaintiff contends that the proposed settlement is "well within the range of possible approval and has no obvious deficiencies." (*Id.*). Plaintiff further asserts that the negotiated settlement will provide Plaintiff and the Settlement Class with significant relief. (*Id.* 15:22–23). Furthermore, during the full-day mediation, the parties concluded that settling this

case is "desirable . . . to avoid the expense and burden of further legal proceedings, and the uncertainties of trial and appeals." (*Id.* 13:1–4). Accordingly, because settlement eliminates this lengthy process and further litigation may not improve the outcome, the Court finds that the first two factors weigh in favor of granting preliminary approval. *See Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 526 (C.D. Cal. 2004) ("In most situations, unless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain results." (citation omitted)).

ii.   Risk of Maintaining the Class Status

Regarding the third *Churchill* factor, the Court considers the risk of maintaining class action status through the duration of the case. Under Federal Rule of Civil Procedure 23(c), an "order that grants or denies class certification may be altered or amended before final judgment." Fed. R. Civ. P. 23(c)1(C). Plaintiff acknowledges, and Defendant does not dispute, that there are risks involved in pursuing this case given the complexity and uncertainty in this class action litigation. (Joint Mot. 3:13–16, 15:19–23); (Decl. of Bradley Schrager ("Schrager Decl.") ¶ 7, ECF No. 227) ("[d]uring the mediation, each party, vigorously represented by its respective counsel, recognized the risk of a variety of potential adverse results in this action, including the extensive costs of continued litigation and the uncertainties of trial and potential appeals"). Given the uncertainty of this suit, the Court is satisfied that there are risks associated with pursuing and maintaining the instant class action. Accordingly, this factor weighs in favor of granting preliminary approval.

iii.   Amount Offered in Settlement

With respect to the fourth *Churchill* factor, the Court analyzes the proposed settlement amount. In assessing the consideration obtained by class members in a class action settlement, "[i]t is the complete package taken as a whole, rather than the individual component parts, that must be examined for overall fairness." *Officers for Justice v. Civil Service Com'n of City &*

*Cty. Of San Francisco*, 688 F.2d 615, 628 (9th Cir. 1982).  In this regard, "[t]he fact that a proposed settlement may only amount to a fraction of the potential recovery does not, in and of itself, mean that the proposed settlement is grossly inadequate and should be disapproved." *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1242 (9th Cir. 1998).

Here, the settlement amount of $550,000.00 is reasonable given that it provides Plaintiff and members of the Settlement Class "exactly what they sought by way of this lawsuit, namely, back pay for hours worked that were allegedly unpaid." (Joint Mot. 14:20–22).  The settlement amount represents approximately 42% of the forecasted $1,316,894 recovery for the certified Class, with each person receiving a pro rata share. (Joint Mot. 14:23–26); (Schrager Decl. ¶¶ 15–16); (Settlement Agreement § III, Ex. 1 to Schrager Decl., ECF No. 227).  Furthermore, the monetary recovery for each class member, potentially $265.27, falls within the range of prior approved settlements in wage and hour class actions. (Joint Mot. 7:24–26); s*ee, e.g.*, *Allen v. Bedolla*, 787 F.3d 1218, 1221 (9th Cir. 2015) (approving wage and hour settlement recovery of $25 per class member); *Altamirano v. Shaw Industries, Inc.*, No. 13-CV-00939-HSG, 2015 WL 4512372, at *9 (N.D. Cal. 2015) (granting preliminary approval of wage and hour class action settlement, stating "[a]lthough 15% represents a modest fraction of the hypothetical maximum recovery estimated by Plaintiff, that figure is sufficient for the Court to grant preliminary approval given the merits of Plaintiff's claims"); *Schuchardt v. Law Office of Rory W. Clark*, 314 F.R.D. 673, 684 (N.D. Cal. 2016) (approving FDCPA settlement recovery of $15.10 per class member); *Harper v. Law Office of Harris & Zide LLP*, No. 15-CV-01114-HSG, 2017 WL 995215, at *4 (N.D. Cal. Mar. 15, 2017) (approving FDCPA settlement recovery of $10 per class member).  Given that the settlement amount falls within the accepted range of prior approved settlements in wage and hour class actions, at this stage, the Court is satisfied that the amount offered in settlement is within the range of reasonableness.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

iv.    <u>Extent of Discovery Completed and the Stage of the Proceedings</u>

Next, the Court evaluates the extent of discovery completed and the stage of the proceedings.  This action was initially filed on May 19, 2014. (*See* Compl., ECF No. 1).  To date, the parties have exchanged initial disclosures and written discovery, in which Defendant produced time records and wage data. (Joint Mot. 12:14–15).  Plaintiff also retained an expert forensic and financial consultant, David M. Breshears, partner at Hemming Morse, LLP, CPAs, and Forensic and Financial Consultants, to analyze those records and calculate the Defendant's potential exposure. (*Id.* 12:15–18).  Furthermore, Plaintiff deposed Defendant's Rule 30(b)(6) witnesses and Defendant's expert witness. (*Id.* 12:12–14).  Additionally, the Scheduling Order's date for the completion of discovery, August 5, 2020, has now passed. (*See* Scheduling Order, ECF No. 22) (setting a December 29, 2014, discovery deadline); (Order Granting Stipulation, ECF No. 213) (extending the discovery deadline to August 5, 2020).

With respect to the stage of the proceedings, the Court additionally finds that this factor weighs in favor of approval.  Under this factor, the Court analyzes the degree of case development accomplished prior to settlement in order to determine whether counsel had sufficient appreciation of the merits of the case before negotiating settlement. *See In re General Motors Corp. Pick-Up Truck Fuel Tank Products Liability Litigation*, 55 F.3d 768, 813 (3d Cir. 1995).  Here, the parties are in a later stage of proceedings.  Defendant sought summary judgment, which this Court granted, and Plaintiff appealed the Court's judgment to the Ninth Circuit. (*See* Order, ECF No. 153); (*see also* Notice of Appeal, ECF No. 161).  Furthermore, the parties engaged in a full day of mediation. (Joint Mot. 12:20–21).  The Court finds that based upon this litigation history, the extent of discovery completed, and the current stage of the proceedings, that "counsel had a good grasp on the merits of their case before settlement talks began," and therefore, this factor weighs in favor of granting preliminary approval. *Rodriguez*, 563 F.3d at 967.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

v.    Experience of Counsel

Regarding the sixth *Churchill* factor, the Court considers the experience and views of class counsel.  The Ninth Circuit has declared that "[p]arties represented by competent counsel are better positioned than courts to produce a settlement that fairly reflects each party's expected outcome in litigation." *Id.* (quoting *In re Pac. Enters. Sec. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995)).  Plaintiff does not explicitly assert in the Joint Motion that both Plaintiff's counsel and Defendant's counsel have experience litigating class actions.  Nevertheless, Bradley Schrager, Plaintiff's counsel, asserts in his Declaration that he is an experienced litigator. (Schrager Decl. ¶¶ 12–13).  Specifically, Bradley Schrager, Esq. has been designated as class counsel in over one dozen wage and hour litigation matters in over ten (10) years of civil practice. (*Id.* ¶ 13).  With respect to Plaintiff's Counsel's experience, the Court is satisfied that Plaintiff's Counsel has adequate experience including personal involvement in complex class action suits and settlements.[2]

vi.    Reaction of the Class Members of the Proposed Settlement

The final *Churchill* factor, the reaction of the class members to the proposed settlement, is inapplicable at this time.  However, upon final fairness review, the Court will consider how this factor impacts the *Churchill* analysis.[3]

//

//

---

[2]  Though the parties do not explain Defendant's counsel's experience in the Joint Motion for Preliminary Approval of Class Action Settlement, the Court finds that the sixth factor—experience of counsel—nevertheless weighs in favor of granting preliminary approval of the settlement given that the parties engaged in an arms-length negotiation over the settlement. *See also Harris v. U.S. Physical Therapy, Inc.*, No. 2:10-cv-01508-JCM - VCF, 2012 U.S. Dist. LEXIS 111844, at *19 (D. Nev. July 18, 2012) (finding that the experience and views of counsel weigh in favor of approval even though defendant's counsel did not submit a statement regarding counsel's experience and views).

[3]  The Court does not discuss the seventh *Churchill* factor—participation by government entity—because Plaintiff does not assert claims against any governmental body or agency it its Complaint. (*See* Am. Compl., ECF No. 6).

### B. Class Representative Service Awards

The proposed settlement provides that, subject to Court approval, Class Counsel will petition the Court for "an award of a Class Representative Payment in the amount of Five Thousand Dollars ($5,000.00)" to be paid out of the gross settlement amount, which Defendant will not oppose. (Settlement Agreement § III.B.1, Ex. 1 to Schrager Decl.); (*see also* Joint Mot. 8:9–13). Because Plaintiff will separately apply for the service award at the time of seeking final approval of the proposed class action settlement, the Court does not reach a determination as to the fairness of the proposed Class Representative Service Award.

### C. Proposed Class Notice and Administration

For proposed settlements under Rule 23, "the court must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1); *see also Hanlon*, 150 F.3d at 1025 ("adequate notice is critical to court approval of a class settlement under Rule 23(e)"). A class action settlement notice "is satisfactory if it generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." *Churchill*, 361 F.3d at 575.

Pursuant to the proposed settlement, the parties advise that the settlement will be administered by Simpluris, Inc., "an experienced class action settlement administrator" that also conducted the parties' first opt-out notice in this case. (Joint Mot. 17:8–10). Within ten (10) days following preliminary approval of the settlement, "Defendant will provide to the Settlement Administrator the names, last known addresses, and telephone numbers, Social Security numbers, and Covered Hours for all Class Members." (Settlement Agreement § III.D.2.a, Ex. 1 to Schrager Decl.). No later than ten (10) business days after receiving the data, "the Settlement Administrator will mail the Class Notice Packets to all Class Members via first-class regular U.S. Mail." (*Id.* § III.D.2.b). For all returned direct mail, the Settlement Administrator will perform one skip trace as outlined in the Settlement Agreement. (*Id.* §

III.D.2.c).  Because mail delivery is an appropriate form of delivery, the Court finds the method of notice is sufficient. *See Mullane v. Cent Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950) (finding notice by mail as a sufficient form of delivery so long as notice is "reasonably calculated . . . to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections").

Furthermore, pursuant to Rule 23, "the notice must include, in a manner that is understandable to potential class members: '(i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).'" *Calderon v. Wolf Firm*, No. SACV16-1266-JLSKESx, 2018 WL 6843723, at *10 (C.D. Mar. 13, 2018) (citing Fed. R. Civ. P. 23(c)(2)(B)).  Here, the proposed notice includes this necessary information. (*See* Notice of Proposed Settlement, Ex. 1A to Schrager Decl., ECF No. 227).  Given the completeness of the Notice and the acceptable proposed form of delivery, the Court approves the parties' notice mechanism as sufficient.

//
//
//
//
//
//
//
//
//

Page 12 of 14

## IV.    CONCLUSION

**IT IS HEREBY ORDERED** that the Joint Motion for Preliminary Approval of Class Action Settlement, (ECF No. 226), is **GRANTED** as follows.

1. The proposed Settlement Agreement is preliminarily approved as fair and adequate;

2. Within ten (10) days of this Order, Defendant shall provide to the Settlement Administrator, Simpluris, Inc., the names, last known addresses, and telephone numbers, Social Security numbers, and Covered Hours for all Class Members;

3. Within ten (10) days of receiving the above information from Defendant, Simpluris Inc. shall direct notice to class members via first-class regular mail, which includes the Class Notice and Claim Form;

4. The deadline for class members to complete, sign, and return a Claim Form or Opt-Out shall be no later than sixty (60) days after the notice of Settlement is mailed;

5. Within ten (10) days of the deadline to submit Claim Forms and Opt-Outs, Simpluris, Inc. shall provide the parties with a complete and accurate list of all claimants, participating class members, and non-participating class members.

6. Within seven (7) days after Simpluris, Inc. notifies the parties of the number of valid Opt-Outs it received, Defendant shall notify Class Counsel and the Court whether it plans to exercise its right to rescind the settlement pursuant to Section III.D.6 of the Settlement Agreement.

7. If Defendant does not exercise its right to rescind the settlement, Plaintiff shall file a Motion for Final Approval of Class Settlement by April 28, 2022.

8.  The deadline for Class Counsel[4] to file a motion for attorneys' fees and expenses shall be thirty (30) days after entry of this Order;

9.  The deadline for Class Counsel to file a motion for class representative service award shall be thirty (30) days after entry of this Order;

10. A final fairness hearing shall take place on May 19, 2022 at 10:00 A.M. in Las Vegas Courtroom 7D before Judge Gloria M. Navarro.  Class Counsels' motions for class representatives' service award and attorneys' fees and expenses will be considered at the final fairness hearing.

**DATED** this __19__ day of January, 2022.


_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT

---

[4] The Motion for Preliminary Approval of Class Settlement requests the continued appointment of Bradley Schrager and Daniel Bravo of Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP, as Class Counsel. (Joint Mot. 2:2–3, ECF No. 226).  Given that the request is unopposed, the Court grants this request.